### JOHNSON, ADMINISTRATOR, *v.* MEIER, ADMINISTRATRIX, ET AL.

DECEDENTS' ESTATES.—*Principal and Surety on Promissory Note.*—*Judgment against Estate of Deceased Principal.*—In an action on a promissory note, against the administrator of the estate of the deceased principal and his surety, wherein a complaint was filed by the latter alleging his suretyship, judgment was rendered, that " all the assets of said estate be first exhausted before a levy be made upon the property of the said " surety.
*Held,* that such judgment was erroneous.

SAME.—A motion in such case, by the plaintiff, that judgment be rendered, to be levied on the assets of said estate in the hands of the administrator and on the property of the surety, should be overruled.

SAME.—*Decree for Sale of Specified Property.*—In no case can a judgment be rendered against the administrator of the estate of a decedent, to be levied upon the assets of such estate, except where it directs the sale of certain specific articles of such assets.

From the Ohio Circuit Court.

*W. D. Willson* and *T. E. Willson,* for appellant.

HOWK, J.—This was an action by the appellant, as plaintiff, against the appellees, as defendants, upon two promissory notes. Upon their face each of these notes appeared

to be the joint note of Henry E. Meier and H. S. and H. Espy, and was payable to the order of Thomas Willson. The appellee, Sophia Meier, administratrix of the estate of Henry E. Meier, deceased, separately answered the appellant's complaint by a general denial thereof. The appellees, Hugh S. and Hugh Espy, jointly filed what they called their answer ; but it was really their complaint, under section 674 of the practice act, against their co-appellee, 2 R. S. 1876, p. 277, alleging that they were the sureties of said Henry E. Meier on the note in suit.

The cause was submitted to the court for trial, and a finding made in favor of the appellant and against the appellees, for the amount due on the notes, and that the appellees Hugh S. and Hugh Espy were sureties on said notes.

The appellant moved the court in writing for a "judgment, to be levied of the assets of said estate of Henry E. Meier in the hands of said Sophia Meier as administratrix of said estate, and of the property of said Hugh S. Espy and Hugh Espy," which motion was overruled, and to this decision the appellant excepted.

The court then rendered judgment against all the appellees for the amount of the finding, and, as to the payment thereof, made the following order :

" And it is ordered by the court that said administratrix pay said judgment, together with the costs of this action, out of the assets of said decedent's estate, and, to satisfy said judgment, that all the assets of said estate be first exhausted before a levy be made to satisfy the same upon the property of the said sureties, Hugh S. Espy and Hugh Espy."

The appellant excepted to the judgment and order of the court, and filed his bill of exceptions.

In this court the appellant has assigned errors which call in question the correctness of the final order of the court

below, that all the assets of the estate of said Henry E. Meier, deceased, should be exhausted before a levy should be made upon the property of the sureties, Hugh S. and Hugh Espy, to satisfy said judgment.

As we have already said, the so-called answer of the appellees Hugh S. and Hugh Espy was in legal effect a complaint in their behalf against their co-appellee, Sophia Meier, administratrix, etc., of Henry E. Meier, deceased, under the provisions of section 674 of the practice act, *supra*. This section reads as follows:

" Sec. 674. When any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined, upon the issue made by the parties, at the trial of the cause, or at any time before or after the trial, or at a subsequent term ; but such proceedings shall not affect the proceedings of the plaintiff."

The appellant's objection to the final order of the court below, in this case, is, that the proceedings of the appellees Hugh S. and Hugh Espy, who claim to be sureties upon the contract in suit, did seriously affect the proceedings of the appellant, in this, that it virtually stayed proceedings upon the appellant's judgment against the appellees Hugh S. and Hugh Espy, until the final settlement of the estate of said Henry E. Meier, deceased, who was the principal in said note. This objection to said final order was well taken. The appellant was not a proper party to the complaint of the sureties against their co-appellee to determine merely the question of their suretyship upon the contract in suit. If the appellant had been a proper party to such complaint, still it seems to us, that the circuit court had no power, under the law and upon said complaint, to make the final order complained of. We may reasonably

assume that one of the appellant's reasons for requiring surety upon the note sued upon was, that he might not be delayed in the collection of his money by the course of administration in the event of the death of the principal in said note. However this may have been, it is clear, we think, that in the proceeding authorized by said section 674 of the code, between the sureties and the administrator of their principal, upon the contract in suit, no judgment nor order could or ought to be made or rendered by the court which could or ought to affect in any manner the proceedings of the plaintiff in his suit upon such contract, either before or after final judgment. In the recent case of *Joyce* v. *Whitney*, 57 Ind. 550, it was held by this court, that, " In such a case, the complaint of the surety, not his cross complaint, is a new and original proceeding, and is independent of the proceedings of the plaintiff, in his action on such contract."

Our conclusion, therefore, in this case is, that the final order of the court below, to the effect "that all the assets of said estate" of said Henry E. Meier, deceased, "be first exhausted before a levy be made to satisfy" the said judgment and costs in favor of the appellant, "upon the property of the said sureties, Hugh S. Espy and Hugh Espy," is in direct conflict with the letter and meaning of the statute, and can not be sustained.

At the proper time the appellant moved the circuit court, in writing, to make the following order in reference to the collection of the judgment in this case, to wit:

"Said judgment to be levied of the assets of said estate of Henry E. Meier, in the hands of said Sophia Meier, administratrix of said estate, and of the property of said Hugh S. Espy and Hugh Espy."

This motion was overruled, and to this decision the appellant at the time excepted, and filed his bill of excep-

tions, and has assigned the said decision as error, in this court.

The circuit court did not err, in our opinion, in over-ruling this motion of the appellant. The property of a decedent's estate, in the hands of the decedent's adminis-trator to be administered, is not subject to levy and sale under an ordinary execution issued on a judgment against such administrator. Under our law there is but one case in which the property of a decedent, in the hands of his administrator, can be sold upon execution, and that is where the judgment upon which the execution issues directs the sale of certain specified property, in the hands of the administrator, to satisfy said judgment. 2 R. S. 1876, p. 199, sec. 411, second clause. In all other cases the spirit and intention of the law of this State for the settlement of decedents' estates are in direct conflict with the idea that any part of a decedent's estate, in the hands of his administrator to be administered, can be subjected to levy and sale on execution, issued on a judgment against the administrator.

In the case of *Leonard* v. *Blair*, 59 Ind. 510, it was held by this court, that " The statute of this State providing for the settlement of decedents' estates evidently contemplates that the estate of every deceased person shall be settled by administration, by either an executor or an administrator, under the approval of the proper court." This statute provides and directs that the property of the decedent shall be converted into money by the proper executor or administrator; and then section 109 of said statute prescribes the order of payment of the different classes of creditors of said decedent. 2 R. S. 1876, p. 534. It is obvious, we think, that the scheme and purpose of the statute providing for the settlement of decedents' estates, and for the just and equal payment of decedents' creditors, according to their priority, would be defeated, if the prop-

erty of the decedent, in the hands of the administrator to be administered, were subject to levy and sale on execution issued on a judgment against the administrator. We have no statute of this State, except the one above referred to in the particular case therein mentioned, which authorizes such levy and sale on execution of the property of the decedent, in the hands of the administrator, on a judgment against the administrator ; and, without express legislative authority therefor, it seems clear to us, that the courts of this State have no power to order and direct that a judgment against an administrator, not for the sale of specific property, should be levied of the property of the decedent in the hands of the administrator.

The final order of the court below, in these words, " and, to satisfy said judgment, that all the assets of said estate be first exhausted, before a levy be made to satisfy the same upon the property of the said sureties, Hugh S. Espy and Hugh Espy," is reversed, at the costs of the appellees, and the cause is remanded, with instructions to said court to vacate and set aside said final order.