## HAYES v. HAYES.

PRINCIPAL AND SURETY.—*Joint and Several Promissory Note.—Judgment on, Against Deceased Principal's Estate.—Answer by Surety.*—In an action on a joint and several promissory note, against one only of the makers, he answered that he was surety only for his co-maker, who had deceased, that the note had been filed and allowed as a claim against the estate of the principal, which was solvent, and that steps were being taken by the administrator of such estate to realize money to pay off the note in suit. *Held*, on demurrer, that the answer is insufficient.

SAME.—*Plea of Suretyship.*—An answer by such defendant, alleging his suretyship, and asking that such administrator be made a party and that execution be first levied upon the property of the estate, is insufficient.

From the Dearborn Circuit Court.

*J. Schwartz* and *O. B. Liddell*, for appellant.

*W. H. Bainbridge*, for appellee.

HOWK, C. J.—This was a suit by the appellee, against the appellant, to recover the amount due on a promissory note dated March 1st, 1873, executed by the appellant and one Joseph Hayes, and payable two years after date, to the appellee.

The note was the joint and several note of the makers thereof, and the appellee alleged, in her complaint, that the whole sum of money, secured by said note, was then due, owing and wholly unpaid, except the credit endorsed thereon.

The appellant answered in five paragraphs :

1.   A general denial ;

2.   Payment ;

3.   Want of consideration ; and,

The 4th and 5th paragraphs set up special matters which we will notice hereafter.

The appellee replied, by a general denial, to the second and third paragraphs, and demurred to the fourth and fifth paragraphs of said answer, upon the ground that neither of the two latter paragraphs stated facts sufficient to constitute a defence to appellee's action.   The demurrer was sustained to each of said paragraphs, and to these decisions the appellant excepted.

The issues joined were tried by the court without a jury and a finding was made for the appellee for the amount due on the note in suit ; and the appellant's motion for a new trial having been overruled, and his exception entered to this ruling, judgment was rendered by the court on its finding.

In this court, the appellant has assigned, as errors, the decisions of the circuit court, in sustaining the demurrers to the fourth and fifth paragraphs of his answer, and in overruling his motion for a new trial.

Substantially the same question is presented for decision by the alleged error of the court in overruling the motion for a new trial, as by the error of the court in sustaining the demurrers to the fourth and fifth paragraphs of his answer; for the causes assigned and relied upon for a new trial, in his motion therefor, were alleged errors of law, occurring at the trial and excepted to, in the exclusion of evidence offered by the appellant to establish the facts which he had pleaded in the fourth and fifth paragraphs of his answer. If, therefore, the court did not err in sustaining the appellee's demurrers to these paragraphs of answer, it is certain, we think, that no error was committed by the court in excluding the evidence offered in support of those paragraphs, or in overruling the motion for a new trial.

In the fourth paragraph of his answer, the appellant alleged, in substance, that the note sued on in this action was executed by one Joseph Hayes, then in life but since deceased, with the appellant jointly; that the note was executed by said Joseph Hayes, as principal, who received the entire consideration given or received for said note, if any was given or received, and the appellant received no consideration whatever for or on account of the execution thereof, and he executed the same for the accommodation of said Joseph Hayes, and as his surety only, and for no other consideration whatsoever; that, on the 17th day of January, 1876, the appellee filed the note in suit as a claim against the estate of said Joseph Hayes, deceased, in the clerk's office of said court, and that, on the 9th day of September, 1876, the said claim, having been transferred to the issue docket of said court for trial, was duly allowed by said court, against said decedent's estate, for the full amount then due on said note, to wit, the sum of $2524.32 ; that the estate of said Joseph Hayes, deceased, was absolutely solvent and sufficient to pay debts and claims which may be outstanding against the same, in full ; that the ap-

pellant and Warren West, as the administrators of said decedent's estate, had filed in said court their petition for the sale of said decedent's real estate, to obtain the means for the payment of all claims outstanding against said decedent's estate, including the appellee's claim, and that said petition was then ready for submission to said court, and for an order that such real estate be sold for the purpose aforesaid. Wherefore the appellant said that the appellee ought not to maintain her action herein, and he asked judgment for his costs.

Strictly speaking, the fifth paragraph of the answer was in the nature of a complaint by the appellant, under section 674 of the practice act, to determine the question of his suretyship on the note in suit. 2 R. S. 1876, p. 277. In this fifth paragraph the appellant alleged substantially the same facts as he had stated in the fourth paragraph of his answer; and he asked that the administrators of said Joseph Hayes, deceased, might be made parties, and for process against them, in this suit. The relief prayed for in the fifth paragraph was, that before any execution, for the recovery and collection of whatever sum might be found due on the note sued upon, should be levied upon the appellant's property, the estate of said Joseph Hayes, deceased, the principal in said note, should be first exhausted, and all other proper relief.

It is very clear, we think, that the facts stated in the fourth and fifth paragraphs of the appellant's answer, in this case, were not sufficient to constitute any defence whatever to the appellee's action. These facts did not concern the appellee, nor affect her rights against the appellant upon the note in suit. She had a valid claim against the appellant severally; and the fact that the estate of Joseph Hayes, deceased, was also liable to her for the payment of the claim, or the further fact that she had obtained a judgment against said decedent's estate for the amount of such claim, or the further facts of the solvency

Hayes *v.* Hayes.

of said estate and of the suretyship of the appellant for said decedent, would not, severally or all combined, constitute any bar to the appellee's action against the appellant.

It is expressly provided in said section 674 of the practice act, *supra*, that the proceedings of a surety to determine his rights, as between him and his principal, "shall not affect the proceedings of the plaintiff." *Joyce* v. *Whitney*, 57 Ind. 550, and *Johnson* v. *Meier*, 62 Ind. 98.

In the case last cited, the suit was upon a note against the administrator of a deceased principal and the sureties on such note. The sureties filed a complaint of suretyship, and claimed that judgment should be rendered that the estate of the deceased principal should be first exhausted, before any execution, issued on the judgment rendered on such note, should be levied on the property of the sureties, and that the court below should make an order to that effect. It was held by this court in that case, that, as between the holder of the note and the sureties thereon, the latter were not entitled to any order which would compel the plaintiff to await the settlement of the estate of the deceased principal, before collecting the money due on the note from the sureties thereon. Such an order, if made, might, and probably would, seriously "affect the proceedings of the plaintiff." We may well assume, as it seems to us, that one of the chief objects in requiring surety upon a note is, that the holder thereof may not be delayed in the collection of his money, by the possible death of the principal debtor, and the delays incident to the administration of such decedent's estate.

The case last cited is, we think, decisive of all the questions in the case now before us.

We find no error in the record of this cause.

The judgment is affirmed, at the appellant's costs, with four per centum damages.