No. 8007.

EVANS ET AL. *v.* THORNBURG.

PROMISSORY NOTE.—*Fraudulent Conveyance.*—Until a right of action on a promissory note accrues to the holder thereof, he can not maintain a suit to subject to its payment land of the maker alleged to have been fraudulently conveyed.

From the Jay Circuit Court.

*D. Studabaker* and *J. P. Quinn,* for appellants.

*D. D. Heller,* for appellee.

NIBLACK, J.—This action was commenced by Amos S. Evans, John F. Evans, Ronald McDonald and Marion A. Webb, composing the firm of A. S. Evans & Co., against Jesse Hartzog, Benjamin Hartzog, William C. Passwater and Jane Thornburg, in the Adams Circuit Court, on the 4th day of March, 1876.

The complaint charged that, on the 23d day of November, 1875, the defendants, the Hartzogs and Passwater, executed their promissory note to the plaintiffs for the sum of $500, with ten per cent. interest and five per cent. attorneys' fees, payable nine months after date ; that soon after the execution of the note the Hartzogs became insolvent and wholly unable to pay the same ; that, at the time the note was executed, Passwater was the owner of a forty-acre tract of land in Adams county ; that on the 21st day of January, 1876,

Passwater conveyed this tract of land to the defendant Mrs. Jane Thornburg, who was his daughter; that the conveyance was without any consideration whatever, and was made by Passwater and received by Mrs. Thornburg to defraud, delay and hinder the plaintiffs in the collection of said note; that Passwater was a resident householder of said county of Adams, and had not, besides said land, property exceeding in value the sum of $300; that the conveyance was not made until after Passwater had learned that the Hartzogs had become insolvent; that the said Passwater and Thornburg would, if not restrained and enjoined, transfer the land into the hands of other parties so that it could not be subjected to the payment of the note.

Wherefore the plaintiffs demanded judgment against the Hartzogs and Passwater for the amount of the note; that the conveyance of Passwater to Mrs. Thornburg be set aside and declared null and void as against the plaintiffs, and that the said Passwater and Thornburg be restrained and enjoined from selling, conveying or encumbering the land in controversy during the pendency of this action.

There was no service of summons upon, or appearance by, the Hartzogs.

After some preliminary proceedings and issue joined, the Adams Circuit Court made an order restraining and enjoining the defendants Passwater and Thornburg from conveying or encumbering the land during the pendency of the cause.

A change of venue was then taken to the Jay Circuit Court, where, at the first trial of the cause, the jury disagreed and were discharged. Upon a second trial there was a verdict against Passwater for the amount of the note and in favor of Mrs. Thornburg, after which a new trial was granted. A third trial resulted in a verdict substantially the same as the second, the only difference being as to the amount found due upon the note.

A new trial being first denied, judgment was then rendered against Passwater for the amount found due upon the note, and in favor of Mrs. Thornburg.

It is insisted that the verdict as to Mrs. Thornburg was not only not sustained by sufficient evidence, but was against the evidence, and that the court below erred in giving certain instructions to the jury.

The note introduced in evidence by the plaintiffs corresponded as to its date and general tenor with that described in the complaint, thus showing that it did not fall due until the 23d day of August, 1876, more than five months after this action was commenced.

Until the note became due no right of action accrued to the plaintiffs upon it, and, until a right of action accrued to them upon the note, they were not authorized to demand that the land conveyed to Mrs. Thornburg should be made subject to its payment, conceding the conveyance to her to have been fraudulent as against them.    More briefly stated, the plaintiffs had no right to demand payment of the note, either by suit or otherwise, until it became due.    The evidence therefore showed affirmatively that this action had been prematurely instituted, and that hence Mrs. Thornburg was entitled to a verdict in her favor, without reference to whether certain errors may not have incidentally intervened at the trial.    Under such circumstances we need not inquire whether or not, abstractly considered, the cause was in all respects well tried by the court below.

No question is before us as to the judgment against Passwater, and hence we make no order concerning that judgment.

The judgment in favor of Mrs. Thornburg is affirmed, with costs.