No. 8965.

## COLLINS v. NELSON ET AL.

FRAUDULENT CONVEYANCE.—*Creditor's Bill.*—*Defence.*—In a suit by a creditor to set aside a conveyance of real estate, alleged to have been executed by his debtor for the fraudulent purpose of cheating, hindering and delaying the creditor in the collection of the debtor's indebtedness to him, the answer of the debtor, to the effect that, at the time of the commencement of the suit, no part of his indebtedness to the creditor was due and unpaid, will constitute a complete defence, in bar of such suit.

From the Ohio Circuit Court.

*J. B. Coles* and *W. S. Holman*, for appellant.

*A. C. Downey*, for appellees.

HOWK, J.—This was a suit by the appellant to set aside a certain deed alleged to have been executed on the 12th day of August, 1876, by the appellee Samuel T. Nelson, to his co-appellee, Mary Nelson, then his wife, without any valuable consideration whatever, and for the sole purpose of hindering, cheating, delaying and preventing the appellant from collecting the just indebtedness to him of said Samuel T. Nelson, and to subject the lands therein described to sale for the payment of said indebtedness. The appellees jointly answered in three paragraphs, of which the first was a general denial, and

each of the other two paragraphs stated a special defence. The appellant's demurrers to each of the second and third paragraphs of answer, for the alleged insufficiency of the facts therein to constitute a defence to his action, were severally overruled by the court, and to each of these rulings he excepted. He refused to reply to either of said paragraphs of answer, and the court then adjudged that he take nothing by his suit, and that the appellees recover of him their costs in this action expended.

Errors have been assigned by the appellant in this court, which call in question the decisions of the circuit court in overruling his demurrers to each of the second and third paragraphs of appellees' answer.

In each of these paragraphs of answer, the appellees relied upon substantially the same facts, as constituting a defence to the appellant's action. In the second paragraph of their answer, the appellees said, in substance, that true it was that judgment was rendered against said Samuel T. Nelson, as alleged in appellant's complaint, but they averred that the same was rendered on a mortgage executed by said Samuel T. Nelson, and the notes therein mentioned for the payment of the following sums, of $700 each, maturing respectively on the first days of April, in each of the years from 1877 to 1883 both inclusive, and of $400 due on April 1st, 1884; that, by the sale of the mortgaged premises, the first five of said notes were fully paid, and the sum of $496.25 was paid on the sixth note, which would mature on the first day of April, 1882; that, in a proceeding had in the court below, at its October term, 1877, subsequent to the sale of said mortgaged premises, of which the appellant had due notice and to which he appeared, the court found that there would be due the appellant on the note which would mature on the first day of April, 1882, a balance of $332.90; on the note which would mature on the April 1st, 1883, the sum of $994; and on the note which would mature on April 1st, 1884, the sum of $592; and that the appellant should not be entitled to execution for

the collection of said unpaid sums, until they severally matured, and, if they should be replevied, not until after the stay of execution. Wherefore the appellees said that the appellant had no right or cause of action.

In the third paragraph of their answer, the appellees said that, before the commencement of this action, the said Samuel T. Nelson had fully paid, satisfied and discharged all of his indebtedness to the appellant, which had then matured, or which would mature prior to the first day of April, 1882.

It will be readily seen that each of these paragraphs of answer is based upon the theory that the appellant could have no cause of action against the appellees, or either of them, for the recovery of the debt sued for, until at least a part of such debt became due and payable. This theory is sound and reasonable. The record shows that this action was commenced on the 9th day of October, 1877. It appeared, from the facts alleged in each of the second and third paragraphs of answer, admitted to be true by the appellant's demurrers thereto, that, at the time he commenced this suit, nothing whatever was due him from the appellees, or either of them. Indeed, by his demurrer to the second paragraph of answer, he admitted that nothing whatever would be due him from either of the appellees, until more than four years after the commencement of this suit. The general rule is, that an action will not lie for the recovery of a debt until some part of it, at least, becomes due and payable; and we know of no good reason why this rule should not be applicable to such cases as the one at bar. This precise question was before this court in the recent case of *Evans* v. *Thornburg*, 77 Ind. 106. In that case, it appeared that one Passwater, being indebted to the appellants, A. S. Evans & Co., executed a voluntary conveyance of forty acres of land to his daughter, Mrs. Jane Thornburg, with the fraudulent intent, etc.; and that, more than five months before such indebtedness became due, the said A. S. Evans & Co. commenced a suit for the recovery of the debt, and to have Passwater's conveyance to Mrs. Thorn-

burg declared fraudulent and void as to them, etc. It was held that the suit had been prematurely instituted. Speaking for the court, NIBLACK, J., said : " Until the note became due no right of action accrued to the plaintiffs upon it, and, until a right of action accrued to them upon the note, they were not authorized to demand that the land conveyed to Mrs. Thornburg should be made subject to its payment, conceding the conveyance to her to have been fraudulent as against them. More briefly stated, the plaintiffs had no right to demand payment of the note, either by suit or otherwise, until it became due."

The case cited is decisive of the case now before us. The facts stated by the appellees, in each of the second and third paragraphs of answer, constituted a complete bar to the appellant's present action ; for they clearly showed that, when he commenced this suit, there was nothing due him from the appellees, or either of them, on the alleged indebtedness described in his complaint. We are of the opinion, therefore, that the court did not err in overruling the demurrers to the . second and third paragraphs of answer.

The judgment is affirmed, at the appellant's costs.