Filed Feb. 23, 1884.

---

No. 8829.

## GREATHOUSE ET AL. *v.* KLINE.

PROMISSORY NOTE.—*Allowance of, Against Estate of Principal no Bar to Action Against Sureties.*—In an action on a joint promissory note, against part of the makers, an answer by the defendants, that they were sureties only on the note, and that the other maker, who had not been sued, was the principal, and that, before the bringing of the suit, such note had been filed against such principal's estate and allowed, and that judgment thereon had been rendered by the court against such estate, is insufficient.

SAME.—*Joint Obligors.*—The death of any maker of a joint promissory note renders the same joint and several, and a suit and judgment against part of the makers, or their representatives, is no defence to a subsequent action against other makers or their representatives.

From the Spencer Circuit Court.

*C. L. Wedding,* for appellants.

*G. L. Reinhard* and *L. Wood,* for appellee.

FRANKLIN, C.—Appellee sued appellants upon a joint promissory note. Appellants answered that they, with one Robert Graham, now deceased, jointly executed the note; that they were sureties and Graham principal in the note;

that appellee had filed the note as a claim against said Graham's estate, which was admitted by the administrator, and by the court allowed, and the administrator ordered to pay it out of the assets of the estate; that by said allowance and order the note was merged into a judgment, and they were thereby released. To this answer a demurrer was sus tained and judgment rendered for appellee.

The ruling upon the demurrer has been assigned as error.

The question presented here is, after an allowance upon the note against the estate of the principal, one of the joint obligors, can a suit be maintained on the note against the other joint obligors?

The common law rule that all joint obligors and promisors' estates are released from the payment of all joint obligations and promises, in this State, has been changed by the 467th section, R. S. 1843, p. 573, amendatory of the act of 1817, which was continued in force by section 802, 1 R. S. 1876, p. 314, which former section reads as follows:

" When two or more persons shall be indebted or bound in any joint note, contract, or covenant, for the payment of any money, or the performance or forbearance of any act or thing, or upon any judgment founded upon any such note, contract, or covenant, and either of them shall die, his estate, executors, or administrators, shall be liable therefor, as if such note, contract, or covenant had been joint and several, or as if such judgment had been obtained upon a joint and several note, contract, or covenant." Under which statute this cause was tried, and the same was substantially re-enacted by R. S. 1881, section 2312.

This statute also creates an exception to the rule that a judgment against a part of joint obligors merges the obligation and releases the other obligors, by making the obligation after the death of one of the obligors several as well as joint. As long as the obligors all live the contract is joint, but when one dies it becomes several, and either the repre-sentatives of the deceased or the survivors may be sued sep-

arately, without a merger of the obligation, and separate judgments may be taken; but one satisfaction is sufficient to discharge all the judgments.

In the case of *Hayes* v. *Hayes*, 64 Ind. 243, it was held that in an action on a joint and several promissory note against one only of the makers, an answer that he was surety only for his co-maker, who had deceased, that the note had been filed and allowed as a claim against the estate of the principal, was sufficient. This statute, in such cases, having made the joint note several, the same rule obtains as though the note had originally been made joint and several; and the foregoing decision applies to this case. See the case of *Hudelson* v. *Armstrong*, 70 Ind. 99.

In the case of *Cox* v. *Maddux*, 72 Ind. 206, it was held that where one of two joint obligors died that formed an exception to the rule that a judgment against one of joint obligors merged the contract and released the others,—that a judgment against the survivors did not release the estate of the other; and the case of *Devol* v. *Halstead*, 16 Ind. 287, is referred to as authority.

If the contract is made several as to the estate, it must necessarily be several as to the survivors, and the same rule will be applied in this case that was in said former cases; and we think this application of the rule is in accordance with the spirit of the statute, and the construction given to it in the foregoing decisions; it also subserves justice, and is in the interest of sureties. If the claim can be filed against the estate of the principal and all realized thereby that can be, it diminishes, to that extent, the amount that the sureties are liable for; but if that can not be done without releasing the sureties, the claim will not be filed, especially if the estate is insolvent (as it was in this case), and the sureties will be left to pay the whole debt. In the meantime the estate may be settled, and the sureties will be too late to get a claim allowed against the estate for money paid for its use.

It is in favor of the interest of the sureties to have the

claim allowed against the principal's estate, so soon as admissible, in order that they may receive the benefit of what is realized from the estate, and that the allowance of such claim shall not release them from liability, in order that the claimant may procure it to be so allowed.

Upon the death of the principal, in order to protect the interest of the sureties in a joint obligation not yet due, it is absolutely necessary to file the claim against his estate and postpone its settlement until the maturity of the obligation, otherwise the sureties would be remediless. There is no error in sustaining the demurrer to the answer.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

