Filed Dec. 11, 1891.

---

No. 169.

PAYNE ET AL. *v.* THE ALBANY CITY NATIONAL BANK.

BILL OF EXCHANGE.—*Discounted by Bank.*—*Right of Bank to Sue Upon.*— Where parties drew a draft in favor of themselves, and endorsed to a bank for collection, with a letter of advice stating that if the bank desired to discount the draft on the same terms as it had a former one, to send check for the amount, and it could have the paper, and, upon the acceptance of the draft by the drawee, the bank discounted the same as requested by the drawers, and sent them a check for the amount which they received under the proposition to the bank to discount the bill, the bank thereby became the holder and owner of the bill as payee for value, with full power to sue for and recover in the proper action, in case the same was dishonored.

SAME.—*Liability of Drawers to Bank.*—In such case, where the acceptor failed to pay the bill, although it was duly presented, payment demanded, and protested, and notice of protest duly given, the drawers of the bill became liable to the bank.

SAME.—*Against Whom Suit May be Brought.*—Under section 5516, R. S. 1881, suit may be brought by the holder of a bill of exchange negotiable by the law merchant or by the law of the State, against the whole or any number of the parties liable to such holder.

From the Johnson Circuit Court.

*W. J. Buckingham* and *E. F. White*, for appellants.
*T. W. Woollen* and *D. D. Banta*, for appellee.

ROBINSON, J.—The complaint in this action contained three paragraphs. A demurrer was sustained to the first and second paragraphs, and overruled as to the third paragraph.

The appellants refused to plead further, and the court thereupon rendered judgment in favor of the appellee and against the appellants for $859.15 and costs.

The error complained of in this court is the alleged error in the circuit court in overruling the demurrer to the third paragraph of the complaint.

The material allegations in the third paragraph of the complaint are, that on the 15th day of February, 1889, appellants, doing business under the firm name of Payne, Johnson & Co., drew their draft of that date, a copy of which draft, with the acceptance and endorsements thereon, was filed with and made a part of the complaint, payable to their own order and directed to one T. C. Cooper, Albany, New York, by which they requested said T. C. Cooper, thirty days after the date thereof, to pay to their order aforesaid the sum of eight hundred and thirty-one dollars; that thereupon the appellants, by their written endorsement on the back of said draft, directed said Cooper to pay the proceeds of said draft to the order of appellee's cashier, A. P. Palmer, for collection, and transmitted said draft enclosed in a letter to the appellee, reading in the words following, to wit:

"FRANKLIN, IND., Feb. 15th, 1889.

"*A. P. Palmer, Cash., Albany, N. Y.*:

"DEAR SIR: Enclosed we hand for collection and return of proceeds, one 30-day draft, B. L. attached, on T. C. Cooper, your city, for $831. Please deliver B. L. upon the receipt of the draft. If you want the paper on the same terms of the last you can send us your check.

"Respectfully, PAYNE, JOHNSON &. Co."

And directing the appellee to present said draft for acceptance, and on the acceptance thereof to deliver to the drawee the bill of lading attached to said draft, and proposing to appellee in said letter that if it desired to purchase said draft on the same terms it had discounted a bill of exchange for them before that time, to remit to them by check. A copy of said letter was made a part of said complaint.

That upon the arrival of said draft appellee presented the same for acceptance to the said T. C. Cooper, who thereupon, to wit, on the 18th day of February, 1889, on the face of said draft accepted the same as follows, to wit:

"ALBANY, Feb. 18th, 1889.

" Accepted pay at Nat. Exg. Bank.

"THOMAS C. COOPER."

Said National Exchange Bank being a bank located in the city of Albany, New York. That after said acceptance, and before the same became due, to wit, February 19th, 1889, appellee accepted said proposition to take said paper on the terms proposed in said letter, and signified the acceptance of said proposition by transmitting by letter, a copy of which was filed with the complaint and made a part thereof, appellee's check or draft to the appellants for the sum of $826.70, for the proceeds of said acceptance, who received the same, by which the appellee became the owner in its own right of said draft as the payee and holder thereof.

That when said draft became due, to wit, on the 14th day of March, 1889, the appellee caused the same to be presented at the counter of said National Exchange Bank of Albany, where the same was made payable, and payment thereof demanded, which was refused, whereupon said draft or acceptance was duly protested for non-payment, and due notice thereof given to the appellants. Wherefore appellee brought this suit against the appellants, the drawers of said bill, and demanded judgment, etc.

Payne *et al. v.* The Albany City National Bank.

### COPY OF BILL.

" $831.00.          FRANKLIN, IND., Feb. 15, 1889.

" Thirty days after date pay to the order of ourselves eight hundred and thirty-one dollars, value received, and charge same to account of Payne, Johnson & Co.

" To T. C. Cooper, Albany, N. Y.

" Endorsed for collection. Pay A. P. Palmer or order.
                    " PAYNE, JOHNSON & CO.

                    "ALBANY, Feb. 18, '89.

"Accepted payable at Nat. Exg. Bank.
                    " THOMAS C. COOPER."

### COPY OF EXHIBIT B.

                    "ALBANY NATIONAL BANK,
                    "ALBANY, N. Y., Feb. 19, 1889.

"PAYNE, JOHNSON & CO.,
          " Franklin, Ind.

" Please receive herewith my draft, No. 62,305, for $826.70 on Central National Bank of New York, which I enclose in payment of Cooper.    $831, disct. $4.30—$826.70.
          " Yours respectfully,
                    "A. P. PALMER,  *Cashier.*"

The counsel for the appellants claim in argument that, under the averments in the paragraph in the complaint in question, appellants were not liable to the appellees on the bill of exchange sued on either as endorsers or drawers, because the endorsement to appellee's cashier for collection, while it made the bill payable at appellee's bank, was only a restricted endorsement, and vested no title to the bill, or to the proceeds from the collection thereof, in the appellee.

Under the averments of this paragraph in the complaint the question of a restricted endorsement surely does not enter into the case. It is, in substance, averred in this paragraph that appellants drew the bill sued on in favor of themselves, and endorsed it to the bank for collection, with a let-

ter of advice stating that if appellee desired to discount the draft on the same terms as they had a former one, to send check for the amount and appellee could have the paper. Upon the acceptance of the draft by Cooper, the drawee, appellee, discounted the same as requested by the appellants, and sent them a check for the amount, which they received under the proposition to the appellee to discount the bill.

Under these facts the appellee became the holder and owner of the bill as payee for value, and it is wholly immaterial as to whether there was any other transfer of the bill than as is alleged in said paragraph of the complaint. The facts alleged therein clearly made the appellee the owner and holder of the bill, with full power to sue for and recover in the proper action in case the same was dishonored.

The acceptor failed to pay the bill, although it was duly presented, payment demanded, and protested, and notice of protest duly given. This fixed the liability of the appellants as the drawers of the bill to the appellee, and, as before seen, the facts averred in the paragraph in question vested the ownership and title to the paper in the appellee.

The law is well settled that " The holder of any note or bill of exchange, negotiable by the law merchant or by the law of this State, may institute one suit against the whole or any number of the parties liable to such holder," etc. Section 5516, R. S. 1881; *Morrison* v. *Fishel*, 64 Ind. 177.

There can be no question that under the averments in this paragraph in the complaint the law is with the appellee, and is so firmly settled as to admit of no controversy ; in fact counsel for appellant in argument concede the law to be " that the drawer of a bill of exchange is liable to the payee or his endorsee as one of the principal parties to the paper, upon the failure of the drawee or the acceptor after the acceptance to pay the bill at maturity, when the relation of payee or endorsee exists as to the bill."

Looking to the averments in this paragraph in the complaint, which are admitted by the demurrer, the appellee's

right to recover under the facts pleaded admits of no question.

Other matters are suggested in argument by the counsel for appellant, but as the ruling of the court on the demurrer was clearly correct, and could not in any way be affected by them, it is unnecessary to refer to them.

The judgment is affirmed, with costs.

Filed Sept. 17, 1891; petition for a rehearing overruled Dec. 12, 1891.