No. 1,183.

## DICK ET AL. *v.* DUMBAULD, ADMINISTRATRIX, ETC.

JUDGMENT.—*Separate Judgments Against Joint and Several Obligors.— Satisfaction of One is Satisfaction of All.—Note.—Res Adjudicata.—* A filed a claim against the estate of B upon a joint and several note executed by B, C *et al.* The claim went to the issue docket, and, upon trial, A was allowed the sum of $1,663.50, with a finding that B. was surety only, to which proceeding C *et al.* were not made parties. Afterwards A. commenced an independent action, on the same note, against C *et al.*, to which B was not a party, and recovered judgment against them, as principals, for $1,346.57, which judgment was fully paid and satisfied. A filed a motion to require the administratrix of B's estate to show cause why she had not paid the balance of his judgment ($1,663.50 minus $1,346.57), and upon a hearing of which motion the court ordered her (the administratrix) to pay the "balance due on judgment in favor of A out of the assets of the estate in her hands."

*Held,* that the satisfaction of the judgment against C *et al.* was a bar to any further proceeding against B, there being no "balance due" on the judgment against the estate of B.

*Held,* also, that the order of the court directing the administratrix to pay the "balance due" on A's claim, does not operate as an adjudication of the balance due thereon.

From the Huntington Circuit Court.

*J. C. Branyan* and *M. L. Spencer,* for appellants.

*J. B. Kenner, U. S. Lesh* and *R. A. Kaufman,* for appellee.

GAVIN, J.—The appellants filed a claim against the estate of Eurias Dumbauld, upon a joint and several note executed by the decedent and five others. The claim went to the issue docket, and upon trial was allowed at the sum of $1,663.50, on June 11th, 1890, with a finding also that decedent was surety only. The other makers of the note were never made parties to this proceeding, as they should have been under the statute, R. S. 1894, section 2479; R. S. 1881, section 2324, but ap-

pellants commenced an independent action against them, to which the appellee was not a party, and upon December 4th, 1891, recovered judgment against them, on the same note, as principals, for $1,346.57, which judgment was, on February 27th, 1892, fully paid and satisfied.

Appellants afterward filed a motion to require appellee to show cause why she had not paid the balance of their judgment, upon a hearing of which motion the court ordered appellee to pay the "balance due on the judgment in favor of Dick and Taylor, out of the assets of the estate in her hands." What the balance due was is not determined, and as a matter of fact appellee had no assets of the estate in her hands.

Appellee insists that appellants' claim is satisfied and paid in full, while appellants assert that the payment of the second judgment for an amount less than the allowance against the estate is only a satisfaction *pro tanto* of the claim against the estate, leaving a balance of several hundred dollars still unpaid.

The allowance of a claim against a decedent's estate, although made after a trial, establishes the validity of the claim against the administrator or executor and the personal estate, but is only *prima facie* evidence against the heirs, upon a petition to sell real estate, unless they shall have appeared and defended against the claim. R. S. 1894, section 2475; R. S. 1881, section 2320; *Cole* v. *Lafontaine*, 84 Ind. 446; *Scherer* v. *Ingerman, Admr.*, 110 Ind. 428; *Smith* v. *Gorham*, 119 Ind. 436.

The controversy with which we are dealing, however, is between the claimant and the personal representative, and as to them the adjudication of the court upon the allowance of the claim is conclusive. This includes, also, the finding of the fact of suretyship. No special plea was necessary to present this, because, under our statute, the administrator need not plead any matter by

way of answer, except set-off and counterclaim. R. S. 1881, section 2324, *supra;* R. S. 1894, section 2479, *supra.*

Appellants might have prosecuted their claim to judgment against both the estate and all the other makers of the note in one action by making the others parties after the claim was transferred to the issue docket. R. S. 1894, section 2479, *supra.* This they did not choose to do, but elected to pursue the decedent's estate separately and severally and then to take judgment against the other makers.

Although the law permits one to prosecute separate actions and obtain separate judgments against those severally bound to him (*First Nat'l Bank, etc.,* v. *Indianapolis, etc., Mfg. Co.,* 45 Ind. 5; *Morrison* v. *Fishel,* 64 Ind. 77; *Payne* v. *Albany City Nat'l Bank,* 3 Ind. App. 214; R. S. 1894, section 7530; R. S. 1881, section 5516), yet the satisfaction of one of the judgments is a bar to further proceedings against any of the others. The plaintiff is entitled to several judgments, but to only one satisfaction. Both the authorities and sound reasoning, in our opinion, sustain this proposition.

In *First Nat'l Bank* v. *Indianapolis, etc., Mfg. Co., supra,* it is said: "In cases where parties to paper are severally as well as jointly liable, the plaintiff is entitled to a several judgment against each of them, but he can have but one satisfaction. The payment of one of the judgments is a satisfaction of all of them, unless it may be as to costs recovered."

In that case a judgment against one obligor for an amount less than was actually due was, nevertheless, held to be, after its payment, a complete bar to an action against the others to recover what was really due upon the contract. The principle asserted in that case is reaffirmed in *Greathouse* v. *Kline,* 93 Ind. 598.

In 2 Black on Judgments, section 774, the learned author recognizes the right of the creditor in such cases

Dick *et al.* *v.* Dumbauld, Administratrix, etc.

to several judgments, saying, however: "But it must be remarked that full payment and satisfaction of a judgment for the whole debt against one of several persons jointly and severally liable for such debt operates as a discharge of all."

Again, the same author, at section 995, says: "Where several judgments have been rendered against parties jointly and severally liable on the same obligation, and one of the judgments has been paid, such payment is a satisfaction of all the judgments, except as to costs."

In *Cox* v. *Smith*, 10 Ore. 418, the creditor obtained separate judgments for different amounts against the principal and surety. It was held that the payment by the surety of judgment against him (it being the smaller), and plaintiff's entry of satisfaction thereof extinguished the debt and prevented the enforcement of the larger judgment against the principal, although in the entry of satisfaction the plaintiff said he reserved "all rights against the principal debtor." The decision in this case is sustained by the text of 2 Freeman on Judgments, section 467.

As a general rule, in America, the liability of joint tortfeasors is joint and several, and gives the same right of action to a person injured as a joint and several contract. 2 Black on Judgments, section 777; Freeman on Judgments, section 236.

In such cases the rule holds good that only one satisfaction is allowed. 2 Black on Judgments, section 782; 2 Freeman on Judgments, section 467.

While some cases go farther, and hold that taking judgment and execution destroys the right to proceed against the others. *Baltes* v. *Bass, etc., Works,* 129 Ind. 185.

In *Jameson* v. *Barber*, 56 Wis. 630, 14 N. W. Rep. 859, the doctrine announced by the decisions of our Su-

preme Court, to which we have referred and to which we adhere, is sustained, after quite a full consideration, by the majority of the court, which, like the Supreme Court of Oregon, refuses to follow the cases of *Jones* v. *Kilgore*, 2 Rich. Eq. 64, and *Lumpkin* v. *Ferguson*, 10 Rich. Law, 424, in the latter of which cases, at least, a different principle is maintained.

The appellants' note constituted a single and indivisible cause of action; although enforceable against the makers severally, it is to be enforced against each as an entirety. It can not be split up and actions for part prosecuted against one and for part against another. *First Nat'l Bank* v. *Indianapolis, etc., Co., supra; Baltes* v. *Bass, etc., Works, supra.*

All the cause of action which appellants possessed was involved in the second suit and judgment, and, when that was paid, their entire cause of action was satisfied.

The incidental statement contained in the opinion of *McClure* v. *McClure*, 65 Ind. 482, that " a satisfaction of one judgment would probably operate, *pro tanto*, as a satisfaction of the other," can not be regarded as sufficiently authoritative to overthrow the decisions upon which we have relied.

Neither can we consider the order of the court directing the administratrix to pay the "balance due" on appellants' claim as operating as an adjudication of the balance due thereon. This order does not purport to ascertain and determine the balance due, and is therefore too indefinite to be effectual. Whether it could in any event be of such a character as to have the effect of a *res adjudicata* against the estate we do not determine.

Judgment affirmed.

Filed Sept. 19, 1894.