## PRICE v. ENGLE ET AL.

[No, 11,078.   Filed January 27, 1922.]

1. FRAUDULENT CONVEYANCES.—*Setting Aside.—Right of Creditor to Maintain Action.— Reduction of Claim to Judgment.*—It is not necessary that the claim of a creditor be reduced to judgment before he can maintain an action against the debtor and a fraudulent vendee of real estate to set aside the conveyance on the ground of fraud and to subject the real estate to the payment of the debt; and the creditor may obtain a judgment for his debt, and in the same action may have that judgment enforced against property fraudulently conveyed.   p. 442.

2. FRAUDULENT CONVEYANCES.—*Conveyance to Defraud Creditors.—Illegal as to Creditors Only.*—A conveyance made and received for the purpose of defrauding creditors is illegal as to the creditors only, but as between the parties, and as to all others than creditors, it is legal and valid.   p. 442.

3. FRAUDULENT CONVEYANCES.—*Setting Aside.—Right of Creditor to Maintain Action.—Maturity of Debt.*—A creditor cannot maintain an action to set aside a conveyance by his debtor as being fraudulent until some part of the amount due the creditor becomes due and payable.   p. 442.

4. FRAUDULENT CONVEYANCES.—*Action to Set Aside.—Judgment for Debt.—Decree against Fraudulent Grantee.*—A suit may be brought to obtain a judgment on a debt that is due and to set aside a fraudulent conveyance, and a personal judgment may be rendered therein against the debtor for the amount due the plaintiff, and he may also upon proper proof have a decree entered against the fraudulent grantee, subjecting the land to sale to satisfy the judgment against the debtor, but a decree cannot be entered against the grantee subjecting the land to the payment of the plaintiff's claim unless he also recovers a judgment against the debtor; and if plaintiff's claim has not already been reduced to judgment, he must, in his action to set aside the conveyance, reduce his claim to judgment.   p. 443.

5. DESCENT AND DISTRIBUTION.—*Creditor of Decedent's Estate.—Right to Maintain Action against Decedent's Heirs.*—An action cannot be maintained by a creditor of a decedent's estate against the widow and heirs of such decedent to recover any of his ordinary debts.   p. 443.

6. EXECUTORS AND ADMINISTRATORS.—*Claims against Decedent.—Collection.—Right to Sue Representative.*—Under §2828 Burns 1914, Acts 1883 p. 153, no action can be brought by

complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent, the holder of a claim being required to file his claim in the office of the clerk of the court in which the estate is pending. p. 443.

7. EXECUTORS AND ADMINISTRATORS.—*Action against to Set Aside Fraudulent Conveyance of Decedent.—Creditor's Right to Have Claim Allowed.*—Where a creditor of an estate filed his claim with the clerk, as required by statute (§2828 Burns 1914, Acts 1883 p. 153), and two days thereafter, without his claim being allowed by the executor or the court after trial, commenced suit against the executor and another to have an alleged fraudulent conveyance by decedent set aside, plaintiff could not in such action have his claim allowed and reduced to judgment. p. 444.

8. EXECUTORS AND ADMINISTRATORS.—*Claims against Estates. —Allowance.—Evidence.*—In an action against an executor and another by a creditor of decedent to set aside a conveyance by decedent on the ground of fraud, evidence *held* not to show that plaintiff's claim had been allowed by the executor prior to the commencement of the action. p. 444.

9. EXECUTORS AND ADMINISTRATORS.—*Claims against Estates.— Allowance.—Effect.*—The allowance of a claim against a decedent's estate establishes its validity as against the administrator or executor, and is *prima facie* evidence against the heirs upon a petition to sell real estate, unless they shall have appeared and defended against the claim, in which case they are bound by the action of the court in allowing the claim. p. 445.

10. EXECUTORS AND ADMINISTRATORS.—*Claims· against Estates. — Allowance. — Conclusiveness.* — The allowance of a claim against a decedent's estate by the administrator according to statutory provisions puts an end to all litigation as to the validity and amount of the claim in so far as the administrator is concerned, and such allowance is, therefore, in the nature of a judgment, although not final. p. 446.

11. EXECUTORS AND ADMINISTRATORS.—*Claims against Estates. —Allowance.—Evidence.—Statutes.*—Since §2835 Burns 1914, Acts 1883 p. 154 and §2837 Burns 1914, Acts 1903 p. 430, require the clerk of the court to keep a record showing the filing of all claims against estates and their allowance or disallowance, and that the action of the executor or administrator in allowing or disallowing all claims be in writing, the allowance of a claim must be proven by the record, and, when the record does not show an allowance, the intention of the administrator to allow a claim cannot be proven by oral testimony. p. 447.

12. APPEAL.—*Review.—Harmless Error.—Exclusion of Evidence.* —Error, if any, in the exclusion of evidence is harmless, where plaintiff could not have maintained his action if all the offered evidence had been admitted. p. 447.

From Greene Circuit Court; *Thomas Van Buskirk,* Judge.

Action by George Price against Sadie M. Engle and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Martin L. Pigg* and *Lindley & Bedwell,* for appellant. *Charles D. Hunt,* for appellees.

McMAHAN, J.—Complaint by appellant against Sadie M. Engle and Julius Hatry as executor of the will of Jonas Acker, alleging that said decedent was indebted to appellant for work and labor performed; that appellant had filed his claim for said services with the clerk of Sullivan Circuit Court and that the executor had allowed said claim; that the amount of personal property owned by Acker at the time of his death was not sufficient to pay his debts; that he left no real estate in his own name at the time of his death; that on September 2, 1918, said Acker being the owner of certain described real estate in Sullivan county, Indiana, with intent to cheat, hinder and delay his creditors, including appellant, conveyed said real estate without consideration to appellee Sadie M. Engle; and that said executor has refused to file suit to set aside said conveyance and has refused to file a petition to sell said described real estate until the title thereto has been determined. The prayer is that said conveyance be set aside and said real estate be made subject to sale by said executor for the payment of said debt.

Julius Hatry as executor filed answer admitting the facts alleged in the complaint, while appellee Sadie M. Engle filed an answer of general denial. Trial by the court and judgment against appellant, after which he

filed his motion for a new trial on the ground that the decision of the court was not sustained by sufficient evidence, was contrary to law, and for error in excluding certain evidence.

Appellee contends that appellant's claim had not been allowed by the executor or by the court upon trial, and that appellant therefore could not maintain an action to set aside the conveyance.

There is evidence tending to show that the decedent was indebted to appellant; that decedent died testate November 5, 1918, his will being probated November 13, 1918; that appellee Hatry qualified as executor November 13, 1918; that appellant filed his claim with the clerk December 14, 1918, and filed his complaint herein December 16, 1918.

Appellant's claim was neither allowed nor disallowed by the executor, was never transferred to the issue docket for trial, and was never submitted to the court for trial nor adjudged to be a valid claim against said estate.

It is not necessary in this state that the claim of a creditor be reduced to judgment before he can maintain an action against the debtor and a fraudulent

1. vendee of real estate, to set aside such conveyance of real estate on the ground of fraud and to subject the real estate to the payment of such debt. Since the adoption of the Code, a creditor may obtain a judgment for his debt, and in the same suit may have that judgment enforced against property fraudulently conveyed. *Carr* v. *Huette* (1881), 73 Ind. 378; *Phelps* v. *Smith* (1888), 116 Ind. 387, 17 N. E. 602.

A conveyance made and received for the purpose of defrauding creditors is illegal as to creditor only. As

2, 3. between the parties, and as to all others than creditors, it is legal and valid. No one but creditors can make the fact that the conveyance was

made in fraud of their rights the basis of an action to set it aside on that account. *Anderson* v. *Etter* (1885), 102 Ind. 115, 26 N. E. 218. The general rule is that an action will not lie for the recovery of a debt until some part of it becomes due and payable. And it has been held that a creditor whose debt has not matured cannot maintain an action to set aside a fraudulent conveyance. *Collins* v. *Nelson* (1881), 81 Ind. 75. A suit may be brought to obtain a judgment on a debt that is due and to set aside a fraudulent conveyance. *Field* v. *Holzman* (1884), 93 Ind. 205. In such a suit a personal judgment may be rendered against the debtor for

4. the amount due the plaintiff, and plaintiff may also upon proper proof have a decree entered against the fraudulent grantee subjecting the land to sale for the purpose of satisfying the judgment against his grantor. But there can be no such decree entered against the grantee, subjecting the real estate to the payment of the plaintiff's claim, unless the plaintiff also recovers a judgment against the debtor. If a plaintiff's claim has not already been reduced to judgment, he must, in his action to set aside the conveyance, reduce his claim to judgment. And in order to secure such a judgment he must have the right to sue the debtor.

An action cannot be maintained by a creditor of a decedent's estate against the widow and heirs of such decedent to recover any of his ordinary debts.

5, 6. *Chandler* v. *Chandler* (1881), 78 Ind. 417. And under §2828 Burns 1914, Acts 1883 p. 153, no action can be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent. The holder of a claim against an estate must file his claim in the office of the clerk of the court in which the estate is pending.

Appellant did file his claim with the clerk, as required

by the statute, and two days after so filing his claim, but without the same being allowed by the executor or by the court after a trial, commenced this action. Appellant could not in this action have his claim allowed and reduced to judgment. The Supreme Court of California in *Ohm* v. *Superior Court* (1890), 85 Cal. 545, 26 Pac. 244, 20 Am. St. 245, said: "Any creditor is entitled to maintain an action to set aside such a fraudulent conveyance (*Hills* v. *Sherwood,* 48 Cal. 392), but he must be a creditor whose claim has been allowed by the administrator, or is evidenced by a judgment."

In *Smith* v. *Goodrich* (1897), 167 Ill. 46, 47 N. E. 316, it was held that the holder of an intestate's note could not maintain an intervening petition to reach a fund realized from the sale of an intestate's real estate in the hands of a master in chancery for distribution, when the claims evidenced by the note had not been allowed by the court. In *Goodman* v. *Kopperl* (1897), 169 Ill. 136, 48 N. E. 172, where the complaint was filed by a creditor whose claim had not been allowed against the estate, it was said: "There are no instances in which resort to a court of equity has been recognized, under our later decisions, before the claim of the creditor has been allowed against the estate by the probate court."

Section 2835 Burns 1914, Acts 1883 p. 154, provides that the clerk shall keep a claim and allowance docket for the estates and prescribes the form of such docket and what it shall contain. Section 2837 Burns 1914, Acts 1903 p. 430, requires executors and administrators to examine all claims upon the claim docket and to either allow or disallow the same. Such action of the administrator or executor under this section is required to be expressed "in writing on the margin of such claim and allowance docket, opposite such claim." Appellant's claim was not allowed on the claim

and allowance docket.   The claim and allowance docket shows the filing of five claims against the decedent's estate.   The first claim was one filed by Oliver Kable. Opposite the name of the claimant and in the column designated "Allowed or Disallowed" appears the word "Allowed" followed by the amount allowed and in the column designating the date and by whom allowed appears the words and figures "12-13-1918.   Executor." The second claim filed is that of appellant.   Following appellant's claim and in the column designated "Allowed or Disallowed" there is nothing to indicate whether the claim was allowed or disallowed.   The same is true in the column headed "Amount Allowed."   Under the column headed "Allowed," and under the subheads "Date" and "By Whom," appear the words and figures "12-13-1918.   Executor."   If this is to be treated as indicating some action by the executor, it appears that such action was prior to the filing of the claim.   The amount of appellant's claim as appears from the claim and allowance docket, was $919, and as before stated, there is nothing to show whether it was allowed or disallowed. Neither is there anything in the column headed "Amount Allowed" to indicate that there was any allowance of the claim or any part of it.   In view of the facts in this case, and the requirement that a record must be kept of the filing of all claims against estates, and that the allowance of a claim when made must be in writing, we hold that the evidence fails to show that appellant's claim has been allowed by the executor.

. While it has been held that the statute does not give to the mere allowance of a claim against a decedent's estate by an administrator, the force and effect 9.   of any of the qualities of the judgment on such a claim, such allowance when made in the manner prescribed by the statute has the effect of preventing and stopping litigation on such claim.   True, such ad-

mission is not final as a judgment by the court would be, since the statute expressly provides that the court may in its discretion require further proof as to any claim, notwithstanding the executor or administrator may have allowed it as provided by statute. Section 2837 Burns 1914, *supra.* But the allowance of a claim establishes the validity of the claim as against the administrator or executor, and is *prima facie* evidence against the heirs upon a petition to sell real estate unless they shall have appeared and defended against the claim, in which case they are bound by the action of the court in allowing the claim. *Dick* v. *Dumbauld* (1894), 10 Ind. App. 508, 38 N. E. 78. Section 2838 Burns 1914, Acts 1883 p. 155, provides that the allowance of a claim by the executor or administrator shall as between the claimant and the executor or administrator be operative and an adjudication of the validity and amount of the claim and presumptive evidence thereof in any proceeding by an executor or administrator for the sale of real estate for the payment of debts.

The allowance of a claim according to the provisions of the statute puts an end to all litigation as to the validity and amount of the claim in so far as the administrator of the estate is concerned. The allowance of a claim by the administrator is, therefore, in the nature of a judgment, although it is not final. Watson, Revision Works' Practice §2243. *Bentley, Admr.,* v. *Brown* (1890), 123 Ind. 552, 24 N. E. 507.

In *Harvey* v. *McDonnell* (1889), 113 N. Y. 526, 21 N. E. 695, cited by appellant, the claim had been allowed and partly paid out of the proceeds of certain land which had been sold by order of the court.

In *Prentiss* v. *Bowden* (1895), 145 N. Y. 342, 40 N. E. 13, the creditor had reduced his claim to judgment during the life time of the decedent, but no execution had

been issued thereon prior to the death of the decedent. Within a few hours after the debtor's death an execution was issued and returned unsatisfied. The judgment creditor subsequently commenced an action against the executrix as an individual to set aside a conveyance made to her by the decedent which was alleged to have been made to defraud the creditors. Under the statute of New York no such action could be maintained unless an execution had been issued on leave from the court rendering the judgment, and of the proper surrogate. No such leave having been granted, it was held in the case last cited that an execution issued against a dead person without such leave was void, and that the action to set aside the conveyance could not be maintained.

Since the statute requires that the clerk keep a record showing the filing of all claims against estates and of the allowance or disallowance of the same, and 11. requires that the action of the executor or administrator in allowing or disallowing all claims be in writing, we hold that the allowance of a claim must be proven by the record, and that when the record does not show an allowance that the intention of the administrator to allow the claim cannot be proven by oral testimony.

Appellant contends that the court erred in excluding certain evidence, but in view of the conclusions we have reached, appellant could not maintain this action 12. if all the offered evidence had been admitted. Appellant was not harmed by the action of the court in the exclusion of the offered evidence.

There being no reversible error in the record, the judgment is affirmed.