The Terre Haute and Indianapolis Railroad Company v. Flanigan.

Filed April 1, 1884.

---

No. 11,103.

THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY v. FLANIGAN.

SUPREME COURT.—*Conflicting Evidence.—Finding.*—Where the evidence is conflicting, the Supreme Court will not disturb the finding of the trial court, nor reverse its judgment, upon such evidence.

From the Montgomery Circuit Court.

The Terre Haute and Indianapolis Railroad Company v. Flanigan.

*J. G. Williams,* for appellant.

*G. W. Paul, M. D. White* and *J. E. Humphries,* for appellee.

Howk, C. J.—This was a suit by the appellee to recover of the appellant the value of certain of his animals, run over and killed by appellant's locomotives and cars at a point on the line of its road where it was not securely fenced in. Appellee's complaint contained five paragraphs, each of which counted upon a different transaction. The suit was commenced before a justice of the peace of Montgomery county, and, after trial and judgment in appellee's favor, it was taken by appeal to the circuit court of the county. There the trial of the cause by the court resulted in a finding for the appellee, and, over appellant's motion for a new trial, judgment was rendered accordingly.

In this court the only error assigned by the appellant is the overruling of its motion for a new trial. The only causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and was contrary to law, and that the damages were excessive.

In his brief of this cause the learned counsel of the appellant says: "There is no controversy about the stock, described in the complaint, having been killed by the cars of appellant, nor about the liability of the appellant for the value of the bull mentioned in the fifth paragraph of the complaint. The sole controversy in the case is as to the liability of appellant for the stock mentioned in the first four paragraphs of the complaint, all of which were killed prior to the 29th day of April, A. D. 1881."

The only ground upon which it is claimed that the appellant is not liable for the stock mentioned in the first four paragraphs of the complaint is, that on the 29th day of April the appellee entered into a written agreement with the appellant, which, it is assumed, operated as a release of the appellant, upon the facts shown by the evidence, from any and all

damages for, or on account of, his live-stock killed by it prior to that date.   We set out a copy of this written agreement as follows:

"I agree and bind myself in the event the Terre Haute and Indianapolis Railroad Company will give me a pass for stock of the following dimensions, namely: A width of seven feet or over and a height as now located, said opening to be at the first water pass west of the dirt road leading north and south by the house of the undersigned Flanigan, and in consideration of this I will release said railroad company from any and all damage for stock killed to this date, and will execute a deed of R. W. to said company for a width of sixty feet over my land, the said railroad company fencing on both sides of said track over the said land.   And further, the said railroad company will build one-half of the fence from the cattle pass to the wagon road.   The said railroad company to produce an old release of right of way and show the same to me over this land.   Also   maintain   the   cattle-guards   and farm   crossings   on   the   above   described   wagon   road.   The dirt in said cattle pass to be taken out by said railroad company, at its expense, and of a depth as may be required by me, and the said railroad company will furnish at their own expense, stone sufficient to give a depth of six inches through the said cattle pass.                     A. B. FLANIGAN.

"April 29, 1881.                     HENRY CUSHING,
                    "Agent T. H. & I. R. R."

It will be observed that this instrument is not a release. It is merely an agreement or obligation on the part of the appellee, that if certain things are done by the appellant, he will release it from any and all damages for stock killed to this date, April 29th, 1881.   The instrument is somewhat confused and uncertain in its phraseology and meaning, and, manifestly, was not prepared by an accurate or skilful draughtsman. Fairly construed, however, the instrument required that the appellant should do and perform several things, on its part to be done and performed, before it could successfully claim

The Terre Haute and Indianapolis Railroad Company *v.* Flanigan.

either that the instrument itself should operate as, or that the appellee should execute, a release of the appellant from any and all damages for his stock killed prior to the date of such instrument. As we read the instrument, the appellant was thereby required to open and construct a cattle pass under its road for the appellee, to build one-half of the fence from such cattle pass to the wagon road, to produce an old release of the right of way and show it to the appellee, and to maintain the cattle-guards and farm crossings on such wagon road. All these things were to be done and performed by the appellant, as it seems to us, before it could claim that the appellee was even bound, by the foregoing instrument, to release it from any and all damages for his stock killed prior to the date of such instrument.

It is not claimed by the appellant that it had ever done or performed any one even of the several things above mentioned; but an effort was made to show by the evidence that it had attempted to open and construct the cattle pass, in accordance with the written agreement, and was prevented from so doing by the appellee. Upon this point, however, the evidence was conflicting. The appellee's evidence was that the appellant had never offered even to open and construct, and never had opened and constructed, the cattle pass mentioned in the agreement. Appellee testified: "I went down to where Michael Ryan was at work at the pass, and asked him what he was going to do. He said he was going to clean the pass out. I told him that if that was all he was going to do, it would do no good. I told him I did want a cattle pass. I do want one, and would now release the claim if they would build it. The company did not build any cattle pass. * * * They never showed me any release."

If the trial court believed, as it had the right to do, the appellee's evidence, in preference to the evidence in conflict therewith, appearing in the record, the court could not, as it did not, find that the written agreement above set out was a release, on the part of the appellee, of the appellant from any

and all damages for his stock killed prior to the date of such agreement. Upon the one controverted point in this case, as to which the appellant had the burden of the issue, the court found for the appellee on contradictory evidence. We are of opinion that the finding was right on the evidence; but, if it were otherwise, under the settled practice of this court, the finding could not be disturbed, nor the judgment reversed, upon the weight of the evidence. *Cornelius* v. *Coughlin,* 86 Ind. 461, and cases cited.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed March 27, 1884.