GEORGE D. BARRETT ET AL.
v.
REGINA LINGLE.

*Judgments—Assignments—Priority—Satisfaction—Motion to Set Aside
—Remedies—Court of Equity.*

Upon an appeal from an order setting aside the satisfaction of a judgment
assigned to another, a previous assignment thereof having been made,
this court holds that the various questions involved can not be settled upon
such appeal, and that resort must be had to proceedings better calculated
to attain the end in view.

[Opinion filed December 2, 1889.]

APPEAL from the Superior Court of Cook County; the
Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. WHITEHEAD & PICKARD, for appellants.

Mr. R. P. BLANCHARD, for appellee.

GARY, P. J.    This record shows that the appellee recovered
a judgment against the appellants; that she assigned it to one
Blanchard; again assigned it to one Fay, for the benefit of
Barrett; that on the judgment docket the first assignment
was noted, and ten minutes thereafter the second was; that
the second assignee entered satisfaction of the judgment, and
on motion of the appellee the court set aside the satisfaction.
From that order this appeal was taken.

Fay paid appellee $465, not money of either of the appel-
lants.    The object of Fay in buying the judgment was to use
it, under a previous arrangement, in a trade with Barrett.
Appellee tendered the money back to the appellants, but not
to Fay.    The disputed question of fact in the case is whether,
when Fay took an assignment, it was with notice of the prior
assignment, and on that last question a material witness
refused to make an affidavit.

The validity and priority of these assignments, the respective considerations of them, the interest of Fay, are questions that ought not to be determined without full information as to the facts.    The remedy by motion is imperfect.

The principle of Day v. Graham, 1 Gilm. 435, approved under same title, reversed in 4 Gilm. 389, and in Jackson v. Merriweather, 109 Ill. 647, requires a resort to a court of equity. The order appealed from is reversed that recourse may be had to a mode of proceeding where the whole truth can be ascertained and complete justice done.    Order reversed and cause remanded.

*Reversed and remanded.*