Kerr v. Kerr.

---

## John Kerr, Jr., v. Willie Kerr, a Minor, by his Guardian.

1.  DEMURRER—*Where a Technical Objection Raised by, Should Not Prevail.*—Where a party fails to stand by his demurrer and elects to answer and have the case tried upon the merits, the technical objection raised by his demurrer should not be allowed to prevail.

2.  JUDGMENTS—*Apparent Satisfaction of, May be Vacated in Equity.* —The vacation of an apparent satisfaction of a judgment at law is a matter for the interposition of a court of equity.

3.  EXECUTION SALES—*Where the Title Fails.*—Where the judgment creditor buys the land at execution sale for the debt and costs, and after the execution has been returned satisfied and a deed executed, which is subsequently set aside as null and void, the purchaser is entitled to a decree in equity for the recovery of his debt from the judgment debtor.

Bill in Chancery, to set aside a satisfaction of a judgment.   Trial in the Circuit Court of Pike County; the Hon. THOMAS N. MEHAN, Judge, presiding.   Finding and decree for complainant; appeal by defendant. Heard in this court at the November term, 1898.   Affirmed.   Opinion filed February 7, 1899.

EDWARD DOOCY and HENRY BUSH, attorneys for appellant.

Equity will not give relief when it appears that there is a complete remedy at law.    Sturtevant v. Sturtevant, 116 Ill.

340; Gore v. Kramer et al., 117 Ill. 176; Gage v. Mayer, 117 Ill. 632.

It is error to take judgment by a default against a defendant when his demurrer to the declaration is on file. Bradshaw v. McKinney, 4 Scam. 54; McKinney v. May, 1 Scam. 534; Mason v. Abbott, 83 Ill. 445; Sammis v. Clark, 17 Ill. 398; Race v. Irving Park Hall Association, 50 Ill. App. 131.

W. E. WILLIAMS and W. L. COLEY, attorneys for appellee.

Where the title of property purchased by the plaintiff under execution fails or the property is recovered back, creditor is entitled to a decree in equity to recover his debt from the judgment debtor. Price v. Boyd, 1 Dana (Ky.), 434; Warner et al. v. Helm et al., 1 Gilman (Ill.), 220.

Where the execution plaintiff is himself the purchaser and the sale passes no title, the sale being void, it is proper for the court to set aside the sale, vacate satisfaction of judgment, if satisfaction is entered, and allow execution anew on judgment. Rorer on Judicial Sales, p. 303, Sec. 905; Freeman on Judgments, Sec. 478, *et seq.;* Bressler et al. v. Martin et al., 133 Ill. 278.

The court from which process issues, may, on motion before the sale has ripened into deed, set aside the sale and satisfaction on the ground that the satisfaction was obtained without consideration. Alday v. Rock Island Co., 45 Ill. App. 62.

MR. JUSTICE HARKER delivered the opinion of the court.

At the June term, 1896, of the Circuit Court of Pike County, James F. Brawley, as guardian of Willie Kerr, recovered judgment against John Kerr, Jr., for $492 and costs. An execution issued from the judgment and was levied upon forty acres of land belonging to the defendant. At the sheriff's sale which followed, Brawley bid in the land for the debt and costs and the execution was returned satisfied. There being no redemption from the sale a deed was subsequently executed to Brawley as guardian. At the April term, 1898, of the Circuit Court, on account of irreg-

ularities in the advertisement and sale of the premises, a decree was rendered at the suit of Kerr setting aside the sheriff's deed as being null and void and a cloud upon his title; but the decree made no provision for vacating the clerk's entry of satisfaction of the judgment made on account of the sale of the land.

Brawley subsequently filed a bill in the name of the minor, setting forth in detail the above recited facts and praying for a decree requiring Kerr to pay the judgment indebtedness or that the apparent satisfaction of the judgment be vacated and the judgment revived. After the court had overruled a demurrer to the bill, the defendant filed an answer, denying the allegations contained in it, and the cause went to hearing upon the issues raised thereby. The court, finding that no title to the land passed by the sale, that no part of the judgment had been paid and that there was due the minor from the defendant $492 and interest thereon at the rate of five per cent from June 25, 1896, rendered a money decree against Kerr for $546.61 and costs.

It is not contended that any part of the judgment rendered against appellant on the 25th of June, 1896, for money of his late ward unlawfully withheld by him, has ever been paid, but a reversal of the decree is urged upon the technical grounds, first, that appellee had a complete remedy at law by motion to have the apparent satisfaction of the judgment vacated; second, that a money decree could not be based upon the judgment of June, 1896, because it was rendered in a cause entitled " James F. Brawley, guardian of Willie Kerr v. John Kerr, Jr.," and this cause is entitled " Willie Kerr, minor, by James F. Brawley, guardian, v. John Kerr, Jr.;" third, that the judgment of June, 1896, was obtained in an irregular manner.

Had appellant stood by his demurrer to the bill he would be in much better position to urge his first contention. Having elected to answer and have the case tried upon the merits, however, the technical objection raised by the demurrer should not prevail. The vacation of the apparent satisfaction of a judgment at law is not a matter against

which the doors of a court of equity are entirely closed.  In the chancery proceedings by which the sheriff's sale and deed were set aside the court could have vacated the satisfaction of the judgment.  It is not like a case where a court of equity has no authority under any conditions to exercise jurisdiction.

There is abundant authority for setting aside the record satisfaction of a judgment where the title of property purchased by the plaintiff under execution fails or the property is recovered back by the judgment debtor, because of irregularity in the sale.   Freeman on Judgments, Sec. 478;  Warner et al. v. Helm et al., 1 Gilm. 220;  Botsford v. Wilson et al., 75 Ill. 132;  Bressler et al. v. Martin et al., 133 Ill. 278.

There is no force in the objection that the judgment was not admissible as a basis for the decree, because the parties were not identical.   Willie Kerr was the beneficiary of the judgment as he is of the decree.   He was the substantial plaintiff in the suit at law as he is the complainant in the suit in equity.

It is too late to question the judgment because of the alleged irregularity of entering it when there was a demurrer to some of the pleadings undisposed of.   No effort was ever made to have the judgment reviewed by the Appellate Court, and it does not appear that any such objection was made upon the trial.

We are unable to discover anything in the record to justify a reversal of the decree.   Decree affirmed.