## KENNEDY ET AL. v. EDER ET AL.

[No. 11,460.    Filed May 16, 1923.]

1. JUDGMENT.— *Payment and Satisfaction.— Effect.*— The payment and satisfaction of a judgment operates to extinguish it and to put an end to its validity for all purposes whatsoever, and also to extinguish the original debt or claim, except where the satisfaction was obtained wrongfully or fraudulently, in which case, on its being revoked or vacated, the judgment will again be in force. p. 648.

2. ATTORNEY AND CLIENT.—*Lien on Judgment for Attorney's Fees.—Fraudulent Satisfaction of Judgment.—Remedy of Attorney.*—Where attorneys claimed that a judgment was satisfied in fraud of an equitable lien thereon for fees alleged to be due them, their remedy was in the court in which judgment was rendered, not to have the execution for such lien entered on the judgment, but to have the satisfaction set aside. p. 648.

From Porter Superior Court; *Ora L. Wildermuth,* Special Judge.

Petition to recall an execution by George M. Eder and others against John D. Kennedy and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*John D. Kennedy, William J. Whinery* and *George E. Hershman,* for appellants.

*Fred C. Crumpacker, Edwin H. Friedrich* and *Frank L. Greenwald,* for appellees.

ENLOE, J.—In October, 1912, suit was brought in the Porter Circuit Court by the Manhattan Lumber Co., by the appellants, as its attorneys, wherein plaintiff sought a personal judgment against the named defendants, and also asked for the foreclosure of its lien, as a materialman against certain described property. Various other persons, lien holders, were also parties to said proceedings. By change of venue, the cause was sent to the Jasper Circuit Court, where it was finally tried, and resulted in a judgment in favor of said lumber company, in the sum of $27,158.79. The several other lien holders also obtained judgments, severally.

From these judgments Peter Crumpacker appealed, the appellees herein being the sureties on his appeal bond in said cause. The judgment of the Jasper Circuit Court was affirmed on this appeal, after which a suit was brought by said lumber company, by the appellants as its attorneys, in the Lake Circuit Court, upon the said appeal bond, in which suit, said Peter Crumpacker and the appellees herein as sureties on said appeal bond, were defendants. This cause, on change of venue, was sent to the Porter Circuit Court, where it was tried on January 5, 1918. A judgment was rendered in favor of said lumber company in the sum of $33,441.40. From this judgment an appeal was taken to the Supreme Court, but said appeal was afterwards dismissed.

On July 30, 1921,—3 years 6 months and 25 days after the entry of said judgment, the following notice was entered upon the Civil Order Book of the Porter Circuit Court, where said judgment was entered, viz.—

"Notice of Attorneys' Lien.

Notice is hereby given to the plaintiff, Manhattan Lumber Company and all judgment defendants, and all others concerned, that we intend to hold, and do hold, a lien on this judgment for the sum of Fifteen Thousand (15,000) Dollars, being the amount of our attorneys' fees, as attorneys for the plaintiff in said cause, which said judgment is rendered for said plaintiff, and that said sum is due and unpaid; that we hold such lien, and are entitled to hold the same both legally and equitably, for our said fees for services as aforesaid.

John D. Kennedy.

W. J. Whinnery.

Attorneys for Plaintiff.

"Dated July 30, 1921.

"Attest: R. C. Jones, Clerk of Porter Circuit Court."

On September 7, 1921, the plaintiff, Manhattan Lumber Company, by its president and secretary, signed the following receipt, as the same appears upon the judgment docket of said Porter Circuit Court, in the case of Manhattan Lumber Company v. Peter Crumpacker et al., viz.:—

"For value received the within judgment and interest, attorneys fees and interest and costs is hereby satisfied this 7th day of September 1921.

Manhattan Lumber Company.

By John Cunea, President.

By J. G. Hepp, Secretary.

Attest—R. C. Jones, Clerk."

Thereafter, on October 29, 1921, the appellants herein, by praecipe in that behalf, caused the clerk of the Porter Circuit Court to issue execution against the appellees herein,—they being the persons, as before stated, who signed the appeal bond in said first appeal, —to the sheriff of Lake county, by virtue of which execution said sheriff proceeded to levy upon the property of appellees.

Thereupon the appellees filed this petition in the Porter Circuit Court, asking that said execution be recalled, that said sheriff be enjoined from advertising and selling any of the property by him so levied upon, and that said notice and claim of lien, by appellants, upon said judgments be canceled and expunged from the record, and all other proper and necessary relief.

The appellants herein appeared to said action and filed a verified answer thereto in one paragraph, in which they claimed to have an equitable lien, for attorneys fees, in the sum of $15,000, on said judgment; that the plaintiffs had knowledge of such equitable lien, and that the said judgment had paid and satisfied in fraud of their rights in the premises, etc. There are many

other averments in said answer not necessary to be herein set out. This answer was met by a reply in general denial.

The appellants then moved for judgment in their favor upon the pleadings, which motion was denied, and they excepted; they next filed their motion asking that notice of the proceeding be given to the Manhattan Lumber Company, and that it be required to appear, etc. This motion was also denied.

The cause was then submitted to the court for trial, which resulted in a finding for the plaintiffs,—there was judgment and decree canceling the notice of claim of lien, recalling the said execution and ordering the property levied upon, released, and enjoining the sheriff from further action under said execution.

The errors relied upon for a reversal are: (1) overruling motion of appellants for judgment in their favor upon the pleadings; (2) overruling motion to compel appellees to give notice of pendency of petition to the Manhattan Lumber Company; (3) error in overruling motion for a new trial.

It is disclosed, both by the petition of the appellees and by the answer of the appellants, that the judgment upon which the appellants claim to have had an "equitable lien" for their alleged attorneys fees had been fully satisfied of record, as to "principal and interest, attorneys fees and interest, and costs." The appellants make no claim that they had any statutory lien upon said judgment; they claim only to have had an equitable lien, to the amount of their alleged fees, on said judgment.

The first inquiry which therefore confronts us is as to the legal effect, if any, of the entry of satisfaction of said judgment; after such entry, and while the same remained of record, could execution be rightfully issued upon such "satisfied" judgment?

The rule which governs in such matters is thus stated in 23 Cyc 1495: "The payment and satisfaction of a judgment operates to extinguish it and to put an

1. end to its validity for all purposes whatsoever, and also to extinguish the original debt or claim, except where the satisfaction was obtained wrongfully or fraudulently, in which case, on its being revoked or vacated, the judgment will again be in force." Many authorities are cited as sustaining the rule thus announced, among which see—*Boos* v. *Morgan* (1892), 130 Ind. 305; *Stout* v. *Vankirk* (1854), 10 N. J. Eq. 78; *Cotter* v. *O'Connell* (1878), 48 Iowa 552. In *Rochester Distilling Co.* v. *Devendorf* (1893), 72 Hun 622, 25 N. Y. Supp. 529, it was said: "All of the plaintiff's claims arising out of the sale of the goods presumptively were merged in the judgment it obtained for the purchase price, and the judgment having been satisfied by the direction of the plaintiff without the intervention of an order of the court, it was *prima facie* evidence that it was paid. * * * If for any reason the satisfaction of the judgment was voidable an order of the court vacating it should have been obtained. Until set aside, the satisfaction of the judgment was *prima facie* evidence of a payment. Its legal effect is the extinguishment of the debt." See, also, *Gentry* v. *Wagner* (1882), 9 Lea (Tenn.) 682; *Kerr's Appeal* (1883), 104 Pa. St. 282; *Weston* v. *Clark* (1866), 37 Mo. 568.

There is no pretense or claim in this case that the Manhattan Lumber Company did not actually receive in cash, every dollar due it upon said judgment,

2. but the appellants claim that such satisfaction was wrongfully entered, and in fraud of their rights. If their claim in this regard should be conceded, yet the question remains, what was their remedy? Can they be permitted to be the judges of their own case? Can they be permitted to determine the fact

as to whether or not the said satisfaction was wrongful, and having so determined to have execution issued upon said judgment, or, must they submit the matter in question to a court of competent jurisdiction for its determination? It is a principle as old as the common law that no person shall be permitted to act as judge of his own cause, and in harmony with this principle, the appellants, if such satisfaction was of the character claimed by them, should have gone into the court in which said judgment was rendered, and asked that said satisfaction be set aside. *Fox* v. *State* (1901), 63 Nebr. 185, 88 N. W. 176; *Barrett* v. *Lingle* (1889), 33 Ill. App. 650; *Kerr* v. *Kerr* (1899), 81 Ill. App. 35; *Romain* v. *Garth* (1874), 3 Hun 214; *Freeman* v. *Paul* (1886), 105 Ind. 451, 5 N. E. 754.

Upon the foregoing authority we hold, that the appellants were not entitled to a judgment in their favor upon the pleadings in this case; also, that as this was not in any sense a proceeding to have said satisfaction set aside and annulled, that the said lumber·company was not a necessary party thereto and the court did not err in overruling appellant's motion in that behalf.

Upon the record before us the execution in question was improvidently issued and the court did not err in its decree setting the same aside. The appellants may have been entitled to an equitable lien upon said judgment, as they assert, but after the satisfaction of said judgment they were not entitled, while such satisfaction remained of record, to enforce the same by execution.

We find no error in this record. The judgment is affirmed.