LAPWORTH, D/B/A CITY MOTORS, ET AL. *v.* JONES.

[No. 19,492. Filed May 16, 1962.]

*John A. Kesler,* of Terre Haute, for appellants.

*Berry, Kincade & Allen,* of Terre Haute, for appellee.

BIERLY, J.—This was an action begun in the Superior Court of Vigo County by a buyer to rescind a conditional sales transaction for an automobile due to the alleged fraud of the seller.

"The issues were made by the filing of an amended complaint in one paragraph charging that by fraud and false representations the defendant Lapworth (1) falsely and fraudulently induced plaintiff to sign a contract form, before the blanks were filled in, for the purchase of a Buick automobile, (2) falsely and fraudulently induced plaintiff to sign a Five Hundred dollar note to Seaboard Finance Company to apply as down payment on said car, (3) falsely and fraudulently induced plaintiff to sign a note payable to defendant Lapworth for One Hundred Thirty Dollars to apply on the transaction, and also (4) falsely and fraudulently induced plaintiff to give defndant Lapworth Fifty Dollars cash, also as part of the transaction; all of said alleged fraudulent conduct was part of a transaction whereby the plaintiff was buying a car from the defendant Lapworth and the plaintiff claims to have been induced to do the above things in reliance on defendant Lapworth's false representations that monthly payments on the car would not exceed Ninety Dollars. Whereby, in fact, after the deal was consummated, the monthly payments amounted to $124.10. The defendant Lapworth did thereupon assign said conditional sales contract to co-defendant Indian Finance Corporation." (Appellants' brief, pages 1 and 2.)

In answer to plaintiff's amended complaint, defendants filed an answer in general denial thereby putting the case at issue. Trial was had before the court without a jury.

Upon the conclusion of the trial, the court having taken the matter under advisement rendered the following findings and judgment on January 13, 1960:

"This cause having come on for trial, evidence having been heard and the Court having taken the matter under advisement and being duly advised in the premises now finds for the Plaintiff and against the Defendants, and each of them.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED THAT THE PLAINTIFF recover from the Defendant Tom Lapworth the sum of $480.00; that the purported conditional sale contract between the Plaintiff and Defendant Tom Lapworth, and assigned to the defendant Indian Finance Corporation, is null, void and unenforcible against the Plaintiff; that the promissory note in the sum of $130.00 executed by the Plaintiff and delivered to the Defendant Tom Lapworth, is null, void and unenforcible against the Plaintiff, and that the Plaintiff should recover his costs laid out herein."

The defendants filed a motion for a new trial on February 10, 1960, which motion was overruled on February 25, 1960, and this appeal followed.

Appellants have failed to incorporate in their brief a copy of the Assignment of Errors as required by Rule 2-17 of the Supreme Court Rules. Said Assignment of Errors, exclusive of formal parts, as given in the transcript is as follows:

"1. The Trial Court erred in overruling defendants' Motion for a New Trial.

"2. The Trial Court erred in that said Trial Court abused and violated its discretion in refusing to grant Appellants a new trial based upon the affidavit of the defendant, Tom Lapworth, which was made a part of the defendants' Motion for a New Trial, there being no counter affidavits filed by the Appellee.

"3. The decision is contrary to law.

"4. The decision is not sustained by sufficient evidence.

"5. The decision is not sustained by sufficient evidence and is contrary to law.

"6. The judgment is void.

"7. The judgment is erroneous because it contains findings and orders on matters outside the issues of the case and upon which no issues were tendered."

The transcript in this cause was filed on the 17th day of May, 1960 and the appeal was fully briefed as of October 31, 1960.

On January 4, 1962, appellee filed in the court a verified motion to dismiss the appeal asserting that "the judgment appealed from, together with all interest and costs, had been paid into the office of the Clerk of the Vigo Circuit Court, Ex-Officio Clerk of the Superior Court of Vigo County, and that this appeal is now moot . . . ." This court denied the motion to dismiss.

During the course of the oral argument before this court, counsel for appellant, Indian Finance Corporation, admitted payment of the judgment and costs as rendered by the court and conceded the appeal was moot as to appellant, Tom Lapworth, but that it was not moot as to appellant, Indian Finance Corporation. Appellant argued that the matters in this cause which were decided against Indian Finance Corporation's interest by the trial court have never been satisfied in any manner and so long as the judgment heretofore rendered in this cause stands, the co-appellant, Indian Finance Corporation, will be adversely affected; that said co-appellant waives no right to have this court consider and determine the adverse judgment rendered against it by the trial court.

Appellant, Indian Finance Corporation, takes the position that the judgment of the trial court is severable as to Tom Lapworth and itself; that the satisfaction of the judgment against Tom Lapworth and accrued costs did not extend to and include a satisfaction of the judgment against said Indian Finance Corporation.

A determination of the question as presented by appellant, Indian Finance Corporation, is imperative at this time.

It has been held that where more than one judgment has been "rendered against parties jointly and severally liable on the same obligation, and one of the judgments has been paid, such payment is a satisfaction of all judgments, except as to costs." 17 West's Indiana Law Encyclopedia, *Judgment*, §521, p. 498, citing *First Nat. Bank* v. *Indianapolis Piano Mfg. Co.*, (1873), 45 Ind. 5; *Dick* v. *Dumbauld*, (1894), 10 Ind. App. 508, 38 N. E. 78.

In *Klippel* v. *Shields et al.* (1883), 90 Ind. 81, the court said:

". . . Payment by one primarily liable as a judgment debtor extinguishes the judgment."

The Supreme Court in the case of *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 53 N. E. 829, held that when payment of a judgment by one primarily liable for the payment of the judgment is made, this amounts to an absolute satisfaction of the judgment. Citing *Boos* v. *Morgan et al.* (1892), 130 Ind. 305, 30 N. E. 141; *Montgomery et al.* v. *Vickery* (1887), 110 Ind. 211, 11 N. E. 38.

Likewise, in *Kennedy* v. *Eder* (1923), 79 Ind. App. 644, 139 N. E. 372, this court held that the payment and satisfaction of a judgment serves to extinguish

it and to put an end to its validity for all intent and purposes, and likewise serves to extinguish the original claim or debt. Vol. 23, Cyclopedia of Law and Procedure, page 1495.

We think that in the case at bar the judgments against appellants, Tom Lapworth and the Indian Finance Corporation, are not severable; that payment of said judgment against Tom Lapworth is also a satisfaction of said judgment as to all parties to the judgment.

This appeal therefore is not only moot as to Tom Lapworth but moot also as to the Indian Finance Corporation. It appears that the appellant, Indian Finance Corporation, did not avail itself of any remedies it may have had in the trial court relative to the judgment taken against it, and it is too late to attempt to accomplish on appeal that which might have been accomplished in the trial court.

Following page 97 of the transcript appears Defendants' Exhibit 1, being the Conditional Sale Agreement signed by Frank Jones, Jr. and T. E. Lapworth for City Motors for the purchase and sale of the 1959 Buick. On the reverse side of said agreement appears a heading entitled "Dealers Representations and Assignment" signed by City Motors, J. E. Lapworth, Owner. This assignment neither carries a date, nor an assignee, nor were any blanks filled in in the printed form. Evidence discloses and the parties admit that appellant, Indian Finance Corporation, was the assignee. The record does not disclose that appellant, Indian Finance Corporation, as assignee, attempted to take any legal action against Tom Lapworth, the assignor, to collect on the Conditional Sale Agreement.

In view of our conclusion that the judgments against appellants are not severable, and that since the judgment against appellant, Tom Lapworth, has been paid and satisfied, the judgment as to appellant, Indian Finance Corporation is also satisfied.

This appeal now becoming moot as to all defendants, we affirm the judgment of the trial court.

Judgment affirmed.

Ryan, C. J., Kelley, P. J., and Cooper, Gonas, Myers and Pfaff, JJ., concur.

Ax, J., concurs in result.

NOTE.—Reported in 182 N. E. 2d 453.