CITIZENS NATIONAL BANK OF TIPTON, Indiana, Appellant–Plaintiff,

v.

INDIANAPOLIS AUTO AUCTION, a/k/a I.A.A., Inc., Appellee–Defendant.

No. 41A01–9111–CV–343.

Court of Appeals of Indiana, First District.

June 8, 1992.

Danford R. Due, Stewart Due Miller & Pugh, Indianapolis, David B. Quigley, Holmes Quigley & Rich, Tipton, for appellant-plaintiff.

Brian K. Burke, Scott M. Kosnoff, Baker & Daniels, Indianapolis, James F.T. Sargent, Sargent & Meier, Greenwood, for appellee-defendant.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Citizens National Bank of Tipton ("Citizens") appeals the entry of summary judgment finding its interest in certain collateral had terminated. We affirm.

## ISSUE

We restate the issue as:

Did the trial court err in entering summary judgment in favor of Indianapolis Auto Auction ("IAA") finding that Citizens' security interests in five automobiles had terminated?

## FACTS

Stanley Young owned and operated car dealerships in Tipton. In the fall of 1987, Citizens loaned Young money pursuant to a floor plan agreement to purchase five cars from IAA. Young executed promissory notes and security agreements that gave Citizens security interests in the five cars. Citizens received the titles to the cars when IAA sold Young the automobiles. However, Young's checks were dishonored for insufficient funds. Young returned the cars to IAA without providing their titles. IAA sold one of the vehicles on September 17, 1987 and the other four on November 27, 1987, after obtaining duplicate titles. On November 23, 1987, Edward Meloche, vice-president of Citizens, met with Gary Pedigo of IAA to attempt to locate the five vehicles. Citizens subsequently discovered all of the cars had been sold.

On January 13, 1988, Citizens entered into a settlement agreement with Young in which Citizens agreed to release and discharge Young for several claims. In exchange, Young agreed to transfer the cars and certain real estate to Citizens. Citizens filed an action for replevin and damages against IAA on February 8, 1988. On February 1, 1991, IAA sought summary judgment claiming that Citizens had terminated its security interests in the cars by discharging the underlying debt. After a hearing, the trial court granted IAA's motion for summary judgment. Citizens appeals contending that issues of material fact preclude summary judgment.

## DISCUSSION AND DECISION

Initially, we note that Citizens raises the issues that IAA lacked standing to enforce the release and also is estopped by its conduct. Neither of these issues were presented to the trial court; therefore, nothing is preserved for our review. *See Davidson v. Cincinnati Insurance Co.* (1991), Ind.App., 572 N.E.2d 502, 505, *trans. denied.*

In reviewing a grant of summary judgment, we determine whether there is any genuine issue of material fact and whether the law was correctly applied. *Town of Schererville v. Douthett* (1991), Ind.App., 570 N.E.2d 112, 113. We will affirm summary judgment on any theory sustainable in the record. *Peter C. Reilly Trust v. Anthony Wayne Oil Corp.* (1991), Ind.App., 574 N.E.2d 318, 320. Even though conflicting facts and inferences may exist regarding certain elements of a claim, summary judgment is proper where there is no real conflict regarding a fact dispositive of the litigation. *Johnson v. Patterson* (1991), Ind.App., 570 N.E.2d 93, 96.

Citizens contends summary judgment was improper because issues of material fact exist as to whether Citizens' security interests were terminated. A security interest is defined in Indiana as an interest

in personal property which secures payment of an obligation. IND.CODE § 26–1–1–201(37). A security interest has no existence independent of the obligation whose payment or performance it secures. *Bank of Lexington v. Jack Adams Aircraft Sales, Inc.* (5th Cir.1978), 570 F.2d 1220, 1225; *In re Advanced Aviation* (M.D.Fla. 1989), 101 B.R. 310, 313 (citing *In re DiSanto & Moore Associates, Inc.* (N.D.Cal. 1984), 41 B.R. 935, 938). Thus, the satisfaction of the underlying obligation extinguishes the security interest. *Id.* Instead of satisfaction by full payment as in the above-cited cases, we are faced with an alleged satisfaction by release.

Citizens specifically contends that the issues of material fact precluding a summary determination that its security interests were extinguished are whether full satisfaction was received and whether Citizens released Young's obligations underlying the security interests. The dispute between Citizens and IAA centers upon what performance the release required of Young. Citizens contends that Young had to transfer ownership and deliver the five cars and sign any necessary documents. IAA argues that Young's only obligation was to sign the forms necessary to effect a transfer of title and ownership.

■■■ Release agreements, like contracts generally, are interpreted as a matter of law. *See Lechner v. Reutepohler* (1989), Ind.App., 545 N.E.2d 1144, 1147. Interpretation of a release is determined by the language of the particular instrument, considered in light of all the facts and circumstances. *Id.* We ascertain the intent of the parties at the time the contract was entered by examining the words used in the agreement to express the parties' respective rights and duties. *Peter C. Reilly Trust,* 574 N.E.2d at 320. In the absence of ambiguity, the court looks only to the instrument to ascertain the parties' intent. If the contract is ambiguous and the ambiguity arises from extrinsic facts and a genuine issue exists as to those facts, summary judgment is inappropriate; construction of the contract is a matter for the fact finder. *Id.* The relevant paragraphs of the release provide:

"7. By execution of this Agreement, [Citizens] does hereby release, remise, acquit and discharge Youngs ... of and from any and all claims, causes, actions, demands, debts, contracts, promises, or controversies whatsoever, whether the same are now existing, existing heretofore or existing hereafter, whether at law or in equity, known or unknown.

In addition to, but without in any manner limiting the generality of the foregoing, [Citizens] does hereby release and discharge Youngs ... of and from:

. . . . .

d) All claims and causes of action asserted or which might have been asserted arising out of the sale of collateral by the [IAA] without the express consent of the Youngs.

8. In addition to, but without limiting in any manner any of the forgoing [sic] paragraphs, [Citizens] agrees and promises that under no circumstances shall it ever institute any legal actions, lawsuits or claims against Youngs ... in any court of law or equity, or before any form of administrative, governmental or quasi governmental agency as a result of any business relationship between the Youngs and [Citizens] through the date of this Agreement.

. . . . .

13. [Young] agrees to sign any and all documents necessary to transfer title and ownership to the motor vehicles, a list of which is attached hereto as Exhibit "B" to [Citizens], and [Young] further agrees to execute any additional documents necessary to effectuate said transfer of ownership to [Citizens] in a prompt manner. In addition, Young is to deliver a 1984 Plymouth Turismo Red, # 0866 to the [Citizens] parking lot within seven (7) days of this Agreement.... *Failure to comply with any portion of this paragraph shall result in [Citizens] pursuing any deficiency it has against the Youngs notwithstanding paragraphs seven (7) and eight (8) of this Agreement."*

Record at 33–34 (emphasis added). The parties' disagreement as to the obligations the release imposed upon Young place a question of law before the court. The language is unambiguous and requires Young to transfer title and ownership of the five vehicles by signing any necessary documents. Paragraph 13 does not order Young to deliver the physical possession of the five vehicles to Citizens. It clearly provides for delivery only of the Turismo, which is not one of the five vehicles involved in this action. The record shows that Young performed the conditions of the release. *See* Record at 133 (Exhibits 11–15).

However, the underlined portion of paragraph 13 is ambiguous as to whether the document constitutes an unconditional or conditional release. The clause could be interpreted as limiting Citizens' remedy against Young if he failed to render performance in accordance with the conditions in the release. In this view, the language did not preserve Citizens' right to foreclose on the security agreements. Instead, Citizens released Young from the security agreements and reserved only the right to pursue any deficiency against Young. On the other hand, the underlined clause could reasonably be construed as making the release of the claims from the security interests conditional upon Young's performance and satisfaction of the terms of the release. *See Egbert v. Egbert* (1955), 235 Ind. 405, 418–419, 132 N.E.2d 910, 917 (accord and satisfaction is a discharge effected by the performance of terms other than those originally agreed upon; satisfaction occurs when the accord is performed; if the accord is not performed, the releasor's duty thereunder is discharged, and he may enforce his original claim, or elect to pursue damages for breach of the accord); *see e.g. The Terre Haute and Indianapolis Railroad Co. v. Flanigan* (1883), 94 Ind. 336, 337–38 (conditional release). We agree with Citizens that a question of fact exists as to whether Citizens and Young intended the release to be conditional or unconditional. Despite this question of fact, we find that another fact is dispositive and supports the entry of summary judgment. *See*

*Johnson*, 570 N.E.2d at 96 (even though conflicting facts may exist, summary judgment is proper where there is no real conflict regarding a fact dispositive of the litigation).

If Citizens unconditionally released Young, the security interests were extinguished because the rights under the security agreements were relinquished by the release. If the release was conditional, then no question of fact remains as to whether Young performed the conditions of the release, because we determined above as a matter of law that Young did meet the conditions.

We find that regardless of whether the release was unconditional or conditional upon Young's performance of its terms, the security interests were terminated. Summary judgment was appropriate, because there is no real conflict regarding a fact dispositive of the litigation.

Affirmed.

ROBERTSON and CONOVER, JJ., concur.