RJH OF FLORIDA, INC., d/b/a Kimco Leasing, Inc., The Successor In Interest to Kimco Leasing, Inc., Appellant–Plaintiff,

v.

SUMMIT ACCOUNT AND COMPUTER SERVICES, INC., d/b/a General Collections, Inc., and Frank A. Webster & Associates, Appellee–Defendant.

No. 02A03–9903–CV–86.

Court of Appeals of Indiana.

March 29, 2000.

Robert Owen Vegeler, Beers Mallers Backs & Salin, LLP, Fort Wayne, Indiana, Attorney for Appellant.

Frank A. Webster, Frank A. Webster & Associates, Fort Wayne, Indiana, Attorney for Appellee.

## OPINION

STATON, Sr. Judge

RJH of Florida, Inc., doing business as Kimco Leasing, Inc. ("Kimco"), appeals from the trial court's order dismissing its petition for appellate attorney fees and costs. Kimco raises one issue on appeal, which we restate as: whether Kimco forfeited its claim for appellate attorney fees and costs pursuant to IND.CODE § 34–4–30–1 (1993) (repealed) [1] by filing a satisfaction of the initial judgment while its motion for appellate attorney fees and costs was pending.

We reverse and remand.

On December 18, 1996, the trial court entered judgment in the amount of $95,563.90 for Kimco against Summit Account and Computer Service, Inc., doing business as General Collections, Inc. ("GCI"), and Frank A. Webster and Associates ("Webster"). The trial court's judgment included $10,000 in attorney fees, which it awarded pursuant to IC 34–4–30–1. Thereafter, GCI and Webster appealed the judgment to this court. We affirmed the trial court's judgment in favor of Kimco on January 16, 1998.[2]

On January 23, 1998, Kimco filed a verified petition in the trial court to recover appellate attorney fees and costs associated with defending the appeal. Kimco supplemented its petition on August 31, 1998, requesting additional fees incurred to defend GCI and Webster's petition for rehearing and petition to transfer to the Indiana Supreme Court, both of which were denied. On September 8, 1998, after the petition to transfer was denied, but before a hearing was had in the trial court to determine the award of appellate fees, Kimco filed the following document, titled "Release of Judgment":

> Plaintiff, by counsel, hereby releases the defendants, jointly and severally, in this cause of action, namely, Summit Account and Computer Services, Inc. d/b/a General Collections, Inc., and Frank A. Webster d/b/a Frank A. Webster & Associates, from the judgment entered in this cause of action by the Honorable Vern E. Sheldon, Judge, Allen Superior Court, on December 18, 1996, as recorded in Judgment Book 5, page 326, in the Office of the Clerk of Allen County, Fort Wayne, Indiana.

Record, 152. Thereafter, GCI and Webster filed a motion to dismiss Kimco's petition for appellate attorney fees, alleging, *inter alia*, that the "Release of Judgment" filed on September 8, 1998 terminated the litigation and foreclosed Kimco's right to additional fees. The trial court agreed with GCI and Webster and dismissed Kimco's petition. Kimco appeals.

As the trial court aptly noted, in a successful action brought under IC 34–4–30–1, the plaintiff is entitled to reasonable attorney fees incurred on appeal as well as those incurred at the trial court level. *Roake v. Christensen*, 528 N.E.2d 789, 792 (Ind.Ct.App.1988). Further, a petition for an award of appellate attorney fees made after appellate proceedings are initiated is timely, but ruling thereon should be held in abeyance until the appeal is concluded. *Templeton v. Sam Klain & Son, Inc.*, 425 N.E.2d 89, 95 (Ind.1981); *Burgett v. Haynes*, 572 N.E.2d 1296, 1299 (Ind.Ct. App.1991). The issue here, however, is whether the "Release of Judgment" filed while the appellate fee petition was still pending foreclosed such an award.

---

1. The substance of IC 34–4–30–1, with minor changes, now appears at IND.CODE § 34–24–3–1 (1998).

2. *Summit Account & Comp. Serv. v. RJH of Florida*, 690 N.E.2d 723 (1998), *reh. denied, trans. denied.*

■ The "Release of Judgment" was not the result of any agreement between the parties, but was filed pursuant to Ind. Trial Rule 67(B). T.R. 67(B) states, in pertinent part:

A party or person receiving payment or satisfaction of a judgment shall furnish to the sheriff, clerk, party or person making payment a signed statement of total or partial satisfaction and any necessary assignment identifying the judgment by cause number . . .

Further, if funds are deposited with the clerk, such statement of total or partial satisfaction is required before the clerk may release funds held by him in payment of the judgment. T.R. 67(B). Satisfaction of a judgment is generally the last act and end of a proceeding. 47 Am.Jur.2d *Judgments* § 1006 (1995). Payment and satisfaction of a judgment operate to extinguish it and to put an end to its validity for all purposes whatsoever. *Kennedy v. Eder*, 79 Ind.App. 644, 139 N.E. 372, 373 (1923). However, Ind.Code § 34–54–6–1(b) (1998) states that an "endorsement of payment, satisfaction, or release . . . operates as a satisfaction or release of the judgment or decree, or of the part of the judgment or decree so endorsed as paid, satisfied, or released." Thus, when a statement of satisfaction applies to only part of a judgment, further proceedings with respect to unsatisfied claims are not barred.

■ In the instant case, Webster and GCI contend that the "Release of Judgment" represented Kimco's acknowledgment of full satisfaction of the judgment, thereby foreclosing an award of appellate attorney fees. Kimco, on the other hand, argues that the "Release of Judgment" represents a satisfaction of the initial $95,-563.90 award only, and had no effect on the viability of its pending fee petition. Although not the result of any agreement between the parties, we hold that interpre-

tation of the "Release of Judgment" should be determined by the language of the particular instrument, considered in light of all the facts and circumstances. *See Citizens Nat. Bank of Tipton v. Indianapolis Auto Auction*, 592 N.E.2d 1256, 1258 (Ind. Ct.App.1992).

Kimco's "Release of Judgment" is ambiguous. It does not expressly state that it is only a partial satisfaction of its claims against Webster and GCI, nor does it expressly reserve the right to proceed with the pending appellate attorney fee petition. However, neither does it clearly express full satisfaction of Kimco's claims. In fact, the "Release of Judgment" states only that it "releases the defendants . . . from the judgment entered in this cause of action . . . on December 18, 1996," a judgment that did not include and, indeed, could not have included an award for appellate attorney fees. The "Release of Judgment" makes no mention of the pending fee petition at all. Thus, we turn to the facts and circumstances surrounding the "Release of Judgment" to determine Kimco's intent.

The record reveals that Kimco diligently pursued appellate attorney fees, filing a petition on January 23, 1998 after this court affirmed the judgment in favor of Kimco, and a supplementary petition on August 31, 1998, after our supreme court denied transfer. Approximately one week later, while its fee petition was still pending, Kimco filed the "Release of Judgment" at issue herein. Given these circumstances, it is unlikely that Kimco intended the "Release of Judgment" to include its pending fee petition. Rather, the "Release of Judgment" was limited to the initial award and filed pursuant to T.R. 67(B) so that Kimco could obtain its $95,563.90, an amount that could not be affected by the pending fee petition, from the clerk.[3] Accordingly, we hold that

---

**3.** We find the facts of the present case distinguishable from *Dooley v. Cal–Cut Pipe & Supply*, 197 Colo. 362, 593 P.2d 360, 361 (Co. 1979), which the trial court cited in dismissing Kimco's petition for appellate attorney

fees. In *Dooley*, the trial court entered judgment for the plaintiff, wherein it awarded damages and provided that plaintiff was "entitled to an award of additional attorney fees, for which an amended or supplemental judg-

Kimco's "Release of Judgment" was not a statement of full satisfaction that bars recovery of appellate attorney fees pursuant to its petition that was pending when the "Release of Judgment" was filed.

Reversed and remanded.

FRIEDLANDER, J., and NAJAM, J., concur.

ment shall enter if established and awarded by this court." *Id.* Prior to a hearing regarding additional attorney fees, the plaintiff accepted payment in excess of the original damage award and agreed to the following satisfaction clause: "Plaintiff hereby acknowledges and accepts Full satisfaction of the Judgment of the Court entered on the 10th day of August, 1976." *Id.* (emphasis added). After signing the clause, plaintiff cancelled a hearing on additional attorney fees. Some time later, plaintiff filed a new motion for attorney fees pursuant to the pro-visions of the original judgment. *Id.* The Colorado Supreme Court held that the satisfaction filed by the plaintiff ended the proceeding and barred an award of additional attorney fees. Unlike the satisfaction at issue in *Dooley*, Kimco's "Release of Judgment" did not include any statement of "full satisfaction." Additionally, Kimco did not evidence any intent to give up additional fees by canceling a hearing, nor was the "Release of Judgment" filed after acceptance of an amount in excess of the initial judgment.