Russell N. CAREY and Lisa Carey, Appellants–Plaintiffs,

v.

Susan J. HADDOCK, Appellee–Defendant.

No. 20A03–0611–CV–556.

Court of Appeals of Indiana.

Dec. 11, 2007.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Attorney for Appellants.

James H. Milstone, Kopka, Pinkus, Dolin & Eads, Mishawaka, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Russell N. Carey ("Russell") and Lisa Carey ("Lisa") (collectively, "the Careys") bring this appeal after they received a favorable verdict on their complaint against Susan J. Haddock following a jury trial. The Careys raise three issues for our review, but we address only the following dispositive issue: whether the Careys' appeal is moot because they have accepted Haddock's payment in satisfaction of the judgment.

We dismiss.

### FACTS AND PROCEDURAL HISTORY

On May 7, 2002, the Careys were in an automobile accident with Haddock. As a result of that accident, Russell was injured and subsequently required physical therapy. Lisa was not seriously injured.

On May 5, 2004, the Careys filed a complaint for damages against Haddock alleging that Haddock was negligent in the operation of her motor vehicle. The Careys requested damages in the amount of $16,981.64, representing, among other things, Russell's medical expenses and lost income. On August 2, 2006, the jury returned a verdict in favor of the Careys in the amount of $1,617.77, and the court entered judgment on the verdict.

On August 14, Haddock filed with the clerk of the trial court a check in the amount of $1,726.71 in satisfaction of the judgment. That same day, counsel for the Careys filed a release of judgment against Haddock and obtained the check from the clerk. The clerk then entered on the court's docket that "JUDGMENT IS HEREBY SATISFIED." Appellant's App. at 5.

On August 31, the Careys filed a motion to correct error in which they maintained that they had been denied a federal constitutional right, that the trial court had erred in the admission of certain evidence, and that the jury award of zero dollars for Lisa and $1,614 for Russell was "inadequate as a matter of law." *Id.* at 30. The trial court denied the motion. This appeal ensued.

### DISCUSSION AND DECISION

■ In her responsive brief on appeal,[1] Haddock asserts that this court is without

---

**1.** We note that the Careys neither addressed this issue in their appellant's brief nor filed a reply brief.

jurisdiction to hear the Careys' appeal because the Careys released her of the judgment. We agree. We therefore do not reach the issues raised by the Careys in their appeal.

 The payment and satisfaction of judgments is generally governed by Indiana Trial Rule 67(B),[2] which states, in relevant part, as follows:

> (B) Payment of judgment—Satisfaction entered of record. Unless otherwise directed by the court, payment of money owing under and following a judgment may be made to the ... clerk of the court where the judgment is rendered. If paid to the clerk, the clerk shall notify the person entitled thereto or his attorney and shall pay such sum to him upon receiving a statement of satisfaction required herein.... A party or person receiving payment or satisfaction of a judgment shall furnish to the ... clerk ... a signed statement of total or partial satisfaction.... Such statement or any other entry by the clerk showing ... payment or satisfaction of the judgment when certified by the clerk shall be received as evidence thereof....

Thus, "if funds are deposited with the clerk, [a] statement of total or partial satisfaction is required before the clerk may release funds held by him in payment of the judgment." *RJH of Fla., Inc. v. Summit Account & Computer Servs., Inc.*, 725 N.E.2d 972, 974 (Ind.Ct.App.2000) (citing Ind. Trial Rule 67(B)).

 The law is well-settled in Indiana that "[s]atisfaction of a judgment is generally the last act and end of a proceeding." *Id.* "Payment and satisfaction of a judg-

ment operate to extinguish it and to put an end to its validity for all purposes whatsoever." *Id.* (citing *Kennedy v. Eder*, 79 Ind.App. 644, 139 N.E. 372, 373 (1923)). *See also Zimmerman v. Gaumer*, 152 Ind. 552, 53 N.E. 829, 832 (1899) ("[P]ayment of a judgment by one primarily liable is an absolute satisfaction of the same.... 'Payment by one primarily liable as a judgment debtor extinguishes the judgment.'") (quoting *Klippel v. Shields*, 90 Ind. 81, 82 (1883)); *Lapworth v. Jones*, 133 Ind.App. 388, 182 N.E.2d 453, 455 (1962) ("where more than one judgment has been rendered against parties jointly and severally liable on the same obligation, and one of the judgments has been paid, such payment is a satisfaction of all judgments, except as to costs." (quotation omitted)). Where a judgment has been satisfied, an appeal on the merits of the judgment will be dismissed as moot. *See, e.g., Lapworth*, 182 N.E.2d at 455.

Here, the trial court's chronological case summary ("CCS")[3] states that two events occurred on August 14, 2006, less than two weeks after the entry of judgment against Haddock and more than two weeks before the Careys filed their motion to correct error. First, the CCS notes that "Defendant, by counsel, files Satisfaction of Judgment and tenders check in the sum of $1,726.71, payable to the Clerk." Appellant's App. at 5. The subsequent entry then states that "PLAINTIFF BY COUNSEL FILES RELEASE OF JUDGMENT ENTERED HEREIN AGAINST DEFENDANT SUSAN J[.] HADDOCK. JUDGMENT IS HEREBY SATISFIED THIS DATE 8–14–2006." *Id.* Thus, the

---

2. Trial Rule 67(A) applies "only when the money is the subject of the litigation, and not merely dependent upon the judgment rendered in the action," and therefore does not apply here. *See Schwedland v. Bachman*, 512 N.E.2d 445, 450 (Ind.Ct.App.1987).

3. Again, under Trial Rule 67(B), a "statement or any other entry by the clerk showing ... payment or satisfaction of the judgment when certified by the clerk shall be received as evidence thereof."

record clearly demonstrates that Haddock satisfied the judgment against her and that the Careys released Haddock of that judgment.

In *RJH,* we held that, "when a statement of satisfaction applies to only part of a judgment, further proceeding with respect to unsatisfied claims are not barred." *RJH,* 725 N.E.2d at 974. We went on to find that the "Release of Judgment" at issue was an ambiguous document that made no mention of a pending fee petition but, instead, was limited to the initial award. *Id.* Here, however, the record unambiguously shows that Haddock fully satisfied the judgment against her. And the Careys have not raised an issue relating to costs or attorney's fees that might be preserved notwithstanding the release of judgment. *See, e.g., id.* at 974–75. Accordingly, Haddock's payment satisfied and extinguished the judgment. The Careys' appeal is therefore moot. *See, e.g., Lapworth,* 182 N.E.2d at 455.

Dismissed.

MATHIAS, J., and BRADFORD, J., concur.