Russell N. CAREY and Lisa Carey,
Appellants–Plaintiffs,

v.

Susan J. HADDOCK, Appellee–
Defendant.

No. 20A03–0611–CV–556.

Court of Appeals of Indiana.

March 7, 2008.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Attorney for Appellants.

James H. Milstone, Kopka, Pinkus, Dolin & Eads, Mishawaka, IN, Attorney for Appellee.

## OPINION ON REHEARING

NAJAM, Judge.

Russell N. Carey and Lisa Carey (collectively, "the Careys") have filed a petition for rehearing asking that we reconsider our holding that their appeal is moot because they have accepted Susan J. Haddock's payment in satisfaction of the judgment. *See Carey v. Haddock,* 877 N.E.2d 842 (Ind.Ct.App.2007). In particular, the Careys assert that the trial court's docket entries showing that their trial counsel filed a release of judgment against Haddock and obtained Haddock's payment are erroneous entries. We grant the Careys' petition but deny their requested relief.

In their appellate brief, the Careys raised three issues for our review: (1) that the trial court denied the Careys their right to appeal the selection of jurors by not correcting inaudible portions of the transcript; (2) that the court abused its discretion in the admission of certain evidence; and (3) that they received an inadequate award of damages. In response, Haddock asserted that this court was without jurisdiction to hear the Careys' appeal because the Careys had released her from the judgment. The Careys did not file a reply brief or a motion to correct the appellate record in response to Haddock's argument on that issue.

After reviewing the briefs and appellate record, we concluded, based on the trial court's chronological case summary submitted by the Careys in their record on appeal, that the Careys' appeal was moot. As we stated:

Here, the trial court's chronological case summary ("CCS") states that two events

occurred on August 14, 2006, less than two weeks after the entry of judgment against Haddock and more than two weeks before the Careys filed their motion to correct error. First, the CCS notes that "Defendant, by counsel, files Satisfaction of Judgment and tenders check in the sum of $ 1,726.71, payable to the Clerk." Appellant's App. at 5. The subsequent entry then states that "PLAINTIFF BY COUNSEL FILES RELEASE OF JUDGMENT ENTERED HEREIN AGAINST DEFENDANT SUSAN J[.] HADDOCK. JUDGMENT IS HEREBY SATISFIED THIS DATE 8–14–2006." *Id.* Thus, the record clearly demonstrates that Haddock satisfied the judgment against her and that the Careys released Haddock of that judgment.

*Id.* at 844–45 (footnote omitted; alteration original).

■ In their petition for rehearing, the Careys argue for the first time that "[t]he CCS entry ... is incorrect." Appellant's Pet. Reh'g at 2. In support, the Careys have submitted, attached to their petition, the affidavit of Stephanie Burgess ("Affidavit"), the clerk of the Elkhart Circuit Court. In the Affidavit, Clerk Burgess states that "Plaintiff's [trial] counsel ... never filed a satisfaction of judgment nor has he released the judgment...." *Id.* at *5.[1] Clerk Burgess then states that "the funds deposited ... [are] still being held in trust by the clerk of court." *Id.* Also attached to the Careys' petition is an amended CCS reflecting Clerk Burgess' testimony.

First, the Careys have waived their argument that the erroneous CCS is grounds for relief on rehearing. In her original brief, Haddock clearly raised the issue that the CCS contained in the appellate record showed the judgment against her had been satisfied.[2] Accordingly, the Careys either knew or should have known of the erroneous CCS entries. But despite that knowledge, the Careys filed neither a reply brief nor a motion to correct the record pursuant to Indiana Appellate Rule 32. The Careys have waived their opportunity to contest Haddock's argument. That they did not respond earlier is not grounds to grant them relief on rehearing.

■ Second, it is well established that "any question not argued on appeal cannot be raised for the first time in a petition for rehearing." *Brockmann Enters., L.L.C. v. City of New Haven*, 868 N.E.2d 1130, 1132 (Ind.Ct.App.2007), *trans. denied.* Here, again, the Careys argued in their original brief only that the trial court had erred and that they had been denied adequate damages. The Careys did not contest the accuracy of the CCS entries relied on by Haddock in her brief, and the Careys cannot now challenge the CCS entries for the first time on rehearing.

The Careys' request for relief is denied.

MATHIAS, J., and BRADFORD, J., concur.

---

1. The Affidavit is not a numbered page of the Careys' petition for rehearing and is no where else in the record on appeal.

2. There is no evidence to support the Careys' suggestion that Haddock's attorney intentionally misled this court by relying on the erroneous CCS entries.