# FOR PUBLICATION



FILED

Nov 30 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**PATRICK A. SHOULDERS**
**JEAN M. BLANTON**
Ziemer Stayman Weitzel & Shoulders
Evansville, Indiana

**KARL L. MULVANEY**
**NANA QUAY-SMITH**
Bingham Greenbaum Doll, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE,
Beelman Truck Company:

**TODD A. CROFTCHIK**
Seipp & Flick, LLP
Lake Mary, Florida

ATTORNEYS FOR APPELLEE,
North American Capacity
    Insurance Company:

**JULIA BLACKWELL GELINAS**
**MAGGIE L. SMITH**
**DEAN R. BRACKENRIDGE**
**CARRIE G. DOEHRMANN**
Frost Brown Todd, LLC
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| PEABODY ENERGY CORPORATION, PEABODY COAL COMPANY, LLC, and BLACK BEAUTY COAL COMPANY, | ) ) ) ) | |
|     Appellants-Defendants and Third-Party Plaintiffs, | ) ) ) | |
|         vs. | ) ) | No. 14A01-1112-CT-555 |
| RICHARD F. ROARK, | ) ) | |
|     Appellee-Plaintiff, | ) ) | |

| | |
|---|---|
| and, | ) |
| | ) |
| BEELMAN TRUCK COMPANY, | ) |
| | ) |
| Appellee-Third Party Defendant, | ) |
| | ) |
| and, | ) |
| | ) |
| NORTH AMERICAN CAPACITY INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Appellee-Third Party Counterclaim Plaintiff and Third Party Defendant. | ) |

APPEAL FROM THE DAVIESS CIRCUIT COURT
The Honorable Gregory A. Smith, Judge
Cause No. 14C01-0705-CT-194

**November 30, 2012**

**OPINION ON REHEARING - FOR PUBLICATION**

**BARNES, Judge**

North American Capacity Insurance Company ("NAC") petitions for rehearing following our opinion in Peabody Energy Corp. v. Roark, 973 N.E.2d 636 (Ind. Ct. App. 2012). We grant NAC's petition for rehearing; however, we affirm our opinion in all regards.

In our original opinion, we were asked to determine whether Peabody Energy Corporation, Peabody Coal Company, LLC, and Black Beauty Coal Company (collectively, "Peabody") were additional insureds under an insurance policy ("the Policy") issued by NAC to Beelman Truck Company ("Beelman"). After considering the language of the Policy's additional insured endorsement and the designated

2

evidence, we concluded that, because Richard Roark's injuries arose out of Beelman's operations, Peabody was an additional insured under the Policy. Peabody, 973 N.E.2d at 642.

In its petition for rehearing, NAC asserts that, although our opinion refers to "coverage,"[1] the opinion does not explain whether NAC had a duty to indemnify or only a duty to defend. NAC claims that an open-ended obligation by NAC to indemnify Peabody would be premature because the underlying case against Peabody is still ongoing and it has not been determined whether Peabody is liable to Roark for any damages. NAC asks us to hold that it only owes a duty to defend and to reserve the determination regarding its duty to indemnify until the underlying case against Peabody has been resolved.

Although NAC's appellee's brief acknowledged the general principle that an insurer's duty to defend is broader than its duty to indemnify, NAC made no argument distinguishing between its potential obligation to defend and its potential obligation to indemnify Peabody based on the facts of the case or the language of the Policy. Nor did NAC argue that it would be premature to determine whether it owed a duty to indemnify at this stage in the proceedings. Instead, throughout its brief, NAC maintained that Peabody was "not entitled to defense or indemnity" from NAC because Peabody was not an additional insured under the Policy. NAC's Br. pp. 8, 15, 21, 23.

---

[1] NAC used the term "coverage" throughout its appellee's brief to describe what the additional insured endorsement does and does not provide to an additional insured. See NAC's Br. pp. 1, 6, 7, 8, 23. NAC also used the term "coverage" repeatedly in its analysis of other cases.

3

It is well settled that any question not argued on appeal cannot be raised for the first time in a petition for rehearing. Carey v. Haddock, 881 N.E.2d 1050, 1051 (Ind. Ct. App. 2008), opinion on reh'g, trans. denied. Accordingly, NAC may not argue for the first time in its petition for rehearing that it only has a duty to defend Peabody or that it is premature to determine whether it owes a duty to indemnify Peabody. We affirm our opinion in all regards.

VAIDIK, J., and MATHIAS, J., concur.